## Richmond.

## West Virginia Pulp and Paper Company v. T. C. Karnes, Commissioner of the Revenue for Covington District of Alleghany County, Va.

November 15, 1923.

1. Taxation—*Capital—Bills and Accounts Receivable—Bills and Accounts Payable—Tax Bills Due the Federal Government—Case at Bar.*—The tax bill act of 1918 (Acts 1918, p. 172, Schedule C, section 8, subsection 2, clause 2) provided that "the excess of bills and accounts receivable over bills and accounts payable" should be taxed as capital.

   *Held:* That tax bills due the Federal government were not included in the words "bills and accounts payable" and could not be deducted from bills and accounts receivable in determining the capital of a corporation subject to taxation.

2. Taxation—*"Capital"—Bills and Accounts Receivable—Bills and Accounts Payable.*—As used in the tax bill act of 1918 (Acts 1918, p. 172, Schedule C, section 8, subsection 2, clause 2) providing for the taxation of "capital," "bills and accounts receivable" are "demands" or "claims;" but, as appears from the express language of the statute, they are a peculiar kind of demands or claims, different from all other demands or claims "whatsoever." And it is manifest from the terms of the statute that the "excess of bills and accounts receivable," which is taxable thereunder as "capital," is to be ascertained by deducting from the total thereof only the amount of "bills and accounts payable," which are the same kind of demands or claims as "bills and accounts receivable," with the single exception that the latter are owing to ("receivable" by), and the former are owing by ("payable" by) the taxpayer. It is plain, therefore, that it is not every kind of demand or claim owing by the taxpayer which the statute allows to be deducted from the total of his "bills and accounts receivable."

3. Words and Phrases—*"Bills and Accounts Receivable"—"Bills and Accounts Payable."*—The terms "bills and accounts receivable" and "bills and accounts payable" have a well understood technical meaning. According to that meaning they embrace only contract obli-

gations, express or implied. "Accounts receivable" are contract obligations "owing to a person on open account;" "bills receivable" are all other contract obligations "owing to" a person; "accounts payable" are contract obligations owing by a person on open account; and "bills payable" are all other contract obligations owing by a person. Such obligations do not include taxes, State or Federal, as the latter are not contract obligations.

4. Taxation—*"Credits" in Section 2304 of the Code of 1919 does not apply to Deductions—Case at Bar.*—Section 2304 of the Code of 1919 provides that in the construction of revenue laws "the word 'credits' shall be construed to mean all solvent debts, claims or demands owing or coming to any person." In the instant case it was contended that when clause 2 of section 8, Schedule C of the Acts of 1918, p. 172, is read along with section 2304 of the Code of 1919, the words "bills and accounts payable" have the meaning of all debts, claims, or demands whatsoever owing by the taxpayer, and would include Federal taxes owed by him.

    *Held:* That there was no merit in this contention, and that the word "credits," as used in section 2304 of the Code of 1919, designates property on which taxation is imposed, and has no application to deductions which the taxpayer is entitled to make from taxable property.

5. Taxation—*Bonds, Notes, Etc.—Deductions.*—The first paragraph of section 8, Schedule C of the tax bill (Acts 1918, p. 171) imposes taxation upon certain bonds and other choses in action, which consists entirely of contract obligations alone, and allows a deduction by the taxpayer from the aggregate amount of such property of "all *such * * * * demands* or *claims * * * * owing* to others (by him) as such principal debtor." But manifestly, from the very terms of this portion of the statute, the deductions allowed are confined to obligations of the taxpayer, which are of the same kind as those on which this paragraph of the statute imposes taxation; namely, contract obligations of the taxpayer, not taxes owing by him.

6. Taxation—*Classification Stands Alone—Deductions.*—Each classification of property made by statute imposing taxation stands alone, so far as determining whether any deductions can be allowed from the aggregate amount thereof, and, if any, what deductions.

7. Taxation—*Deductions—Claims Arising from Sources Other than Contracts.*—Claims arising from condemnation of the property of a corporation, or out of a tort committed against the corporation, are taxable, but not as bills and accounts receivable under tax bill act March 6, 1918 (Acts 1918, p. 172), Schedule C, section 8, subsection 2, but under tax bill act March 6, 1918 (Acts 1918, p. 173), Schedule C, section 8, subsection 5, as "all other * * * demands and claims," and from such form of property the statute allows no deduction whatever.

Error to a judgment of the Circuit Court of Alleghany county on a motion to correct an erroneous assessment. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

This proceeding is an application by the plaintiff in error, the West Virginia Pulp and Paper Company (hereinafter called the plaintiff in error taxpayer), instituted in due time under the statute in such case made and provided, for the correction of certain alleged erroneous assessments for the years 1921 and 1922 of its capital employed in business in this State under subsection "2" of Class "Second" of "Schedule C" of the tax bill statute, approved March 6, 1918 (Acts 1918, pp. 171, *et seq.*); being certain additional assessments for said years of capital of the taxpayer made by the commissioner of revenue, as appears from the hereinafter statement of facts.

That statute provides, among other things, as follows:

"First: Bonds (except bonds of the United States), notes and other evidences of debt.   *   *   *"

After providing that the taxpayer shall furnish the commissioner of the revenue with a list of said bonds, etc., owned by the taxpayer, the statute continues as follows:

"*   *   *   deducting from the aggregate amount thereof all *such* bonds, demands or claims not otherwise deducted owing to others (by the taxpayer) as   *   * principal debtor   *   *.   No credit shall be given for debts due, nor deductions made, unless such taxpayer shall append to said list an inventory showing the persons and address to whom said demands or debts are owing and the amount of each.

   *       *       *       *       *       *

"Second: All capital of persons, firms and corporations, employed in a trade or business not otherwise taxed; and, in case of a corporation when all of such capital is taxed by this State, the shares of its stock in the hands of individual shareholders shall not be further taxed for State purposes. But real estate belonging to such persons, firms and corporations shall not be held to be capital, but shall be listed and taxed as real estate.

"Capital as used in the tax laws shall be defined as follows:

"1. The inventory of stock on hand, which shall include all raw materials for use of the business, whether at the place of the business in storage, or elsewhere in the State.

"2. *The excess of bills and accounts receivable over bills and accounts payable.*

"3. All machinery and tools not taxed as real estate.

"4. Money on hand and on deposit.

"5. All other property of any kind whatsoever, *including all* choses in action, equities, *demands and claims*.

"Capital used or employed in business as above defined shall, wherever the laws of this State require a tax on capital, be taxed at the rate prescribed by law.

"Every person, firm and corporation engaged in a business whose capital is subject by the laws of this State to taxation, is hereby required to keep accounts, showing the above items, which shall at all times be open to the inspection of the commissioners of the revenue, the examiners of records, local boards of review, and the State advisory board of taxation; and every such person, firm or corporation shall be required to make a return under oath to the commissioner of revenue, on forms prescribed by the Auditor of Public Accounts, showing the items of capital as above defined,

and also the bills and accounts payable which were used as deductions in order to ascertain the amount under section 2 in the above definition of capital, and the names, addresses of the parties to whom said bills and accounts are due, and the various amounts constituting said indebtedness, and *shall further certify that indebtedness was made in the usual course of business of said company*, firm or corporation." (Italics supplied.)

\* \* \* \* \* \*

"Third: The value of the principal of personal estate and *credits* other than tangible personal property and money under the control of a court receiver or commissioner, \* \* \* or in the hands or under the control of an executor, administrator, guardian, trustee, agent or' other fiduciary, and the principal estate and *credits* other than tangible personal property and money deposited to the credit of any suit and not in the hands of a receiver or other fiduciary." (Italics supplied.)

The following facts appear from the final order of the court below which is under review:

"That for the tax years beginning February 1, 1921, and 1922, (the taxpayer) duly furnished to the Commissioner for assessment, as required by law, proper lists of taxable property with all the information required by law, including a schedule showing the names, addresses, amounts, etc., of persons to whom bills and accounts payable were due. In its report of tangible and intangible personal property for the year 1921, it is reported, among other things as capital invested in the State of Virginia, an item of $633,161.70 being the amount of bills and accounts receivable on its books at the beginning of the tax year for business done in the State of Virginia, and also reported an item of $445,095.00, being the amount of bills and accounts payable on its books as of the same date on account of business done in

the State of Virginia, leaving an excess of bills and accounts receivable over bills and accounts payable of $188,066.70; that said amounts of bills and accounts receivable were correct; that embraced in the aggregate amount of bills and accounts payable was an item of $364,327.00, being the balance due to the Federal government for income and excess profits taxes on account of profits realized from business done in the State of Virginia during the fiscal year ending October 31, 1920. That under the Federal income tax law said tax became payable on or before January 15, 1921, with the option to the corporation of paying all or part of the tax on or before January 18, 1921; that the corporation exercised its option to pay only a part of the tax on or before the said date. That a portion of the tax was therefore paid prior to February 1, 1921, and the remaining $384,327.00 was paid subsequent thereto and within the time pre-scribed by the Federal law.

"That in its report of tangible and intangible personal property for the year 1922, it reported among other things, as capital invested in the State of Virginia, an item of $472,617.34, being the amount of bills and accounts receivable on its books at the beginning of the tax year for business done in the State of Virginia, and also reported an item of $106,848.70, being the amount of bills and accounts payable on its books as of the same date on account of business done in the State of Virginia, leaving an excess of bills and accounts receivable, over bills and accounts payable, of $365,768.64; that said amount of bills and accounts receivable was correct. That embraced in the aggregate of bills and accounts payable was an item of $19,778.00 being the balance due to the Federal government for income and excess profits taxes on account of profit realized from business done in the State of Virginia during the fiscal year

ending October 31, 1921. That under the Federal income tax law said tax became payable on or before January 15, 1922, with the option to the corporation of paying all or part of the tax on or before January 13, 1922; that the corporation exercised its option to pay only a part of the tax on or before the said date. That a portion of the tax was therefore paid prior to February 1, 1922, and the remaining $19,778.00 was paid subsequent thereto within the time prescribed by the Federal law.

"That the reason why said tax bills for both said years became due prior to February 1st of each year was because the taxpayer reports to the Federal government on the basis of its fiscal year which ends October 31st each year.

"That the examiner of records for this circuit examined said taxpayer's report for the years 1921 and 1922, and after having done so, held that the item representing tax bills due the Federal government above referred to, while conceded to be correct, were not items which could be deducted from bills and accounts receivable reported for taxation, and denied the taxpayer the right to such deductions on that ground alone.

"That in pursuance of the audit and report of the examiner of records, the commissioner made additional assessments against the said taxpayer for capital invested in the State of $384,327.00 for the year 1921 and $19,778.00 for the year 1922."

The court below, upon the aforesaid facts, held that the additional assessments aforesaid for both the years 1921 and 1922 were correct, confirmed such assessments and refused to correct them as prayed for in the aforesaid application of the taxpayer.

*George E. Nelson*, for the plaintiff in error.

*J. Vaughan Gary*, for the defendant in error.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

[1] There is but a single question presented for our decision by the assignments of error, which is within a very narrow compass, and is as follows:

1. Are taxes owing by the taxpayer to the Federal government "bills," or "accounts payable," within the meaning of subsection "2" of paragraph "second" of section 8 ("Schedule C") of the tax bill statute, approved March 6, 1918 (Acts 1918, pp. 171, *et seq.*)?

The question must be answered in the negative.

[2] The property of the taxpayer which was assessed for taxation in the instant case consisted wholly of "bills and accounts receivable." This is a distinct kind of property, different from "stock on hand," "machinery and tools not taxed as real estate," "money on hand and on deposit," and "all other property of any kind whatsoever, including all   *   *   (other) demands and claims" employed in the trade or business of the taxpayer. "Bills and accounts receivable" are of course "demands" or "claims;" but, as appears from the express language of the statute, they are a peculiar kind of demands or claims, different from all other demands or claims "whatsoever." It is manifest from the terms of the statute that the "excess of bills and accounts receivable," which is taxable thereunder as "capital," is to be ascertained by deducting from the total thereof only the amount of "bills and accounts payable," which are the same kind of demands or claims as "bills and accounts receivable," with the single exception that the latter are owing to ("receivable" by), and the former are owing by ("payable" by) the taxpayer. It is plain,

therefore, that it is not every kind of demand or claim owing by the taxpayer which the statute allows to be deducted from the total of his "bills and accounts receivable," in order to ascertain the "excess" thereof which is taxable as "capital" but only such demands and claims owing by him as would be "bills and accounts receivable" if they were owing to ("receivable" by), instead of being owing by ("payable" by) him.

[3] Now, as to the meaning of the terms "bills and accounts receivable" and "bills and accounts payable;" these terms have a well understood technical meaning. According to that meaning they embrace only contract obligations, express or implied. Blake's Law Dictionary (2d ed.), pp. 16, 134; 1 Words and Phrases, p. 87; 1 Bouvier's Law Dictionary, pp. 63, 243; 1 C. J. 730. As appears from these authorities "accounts receivable" are contract obligations "owing to a person on open account;" "bills receivable" are all other contract obligations "owing to" a person; "accounts payable" are contract obligations owing by a person on open account; and "bills payable" are all other contract obligations owing by a person. Such obligations do not include taxes, State or Federal, as the latter are not contract obligations.

In 1 Cooley on Taxation (3d ed.), page 17, this is said: "Taxes not Debts.—* * taxes are not contracts between party and party, either express or implied; but they are the positive acts of government, through its various agents, binding upon the inhabitants, and to the making and enforcing of which their personal consent is not required. * * They are not the subject of set-off * * on behalf of the person taxed, as against (the) State, municipality or collector. * *"

To the same effect see 37 Cyc. 710; 26 R. C. L. p. 25; *Baker* v. *City of East Orange*, 95 N. J. Law, 365, 111 Atl. 681.

The case of *Felker* v. *Standard Yarn Co.*, 148 Mass. 226, 19 N. E. 220, is relied on for the plaintiff in error taxpayer as a contrary holding. That was a case in which the collector of taxes filed a bill to enforce the payment of taxes assessed upon the real and personal property of the defendant company under a statute (Pub. St. 1882, c. 12, §20), which provided as follows: "When a person taxed * * neglects to pay his tax for one year after it is committed to the hands of the collector, the collector may, in his own name, maintain an action of contract, or trustee process, therefor, in like manner as for his own debt. The court held that the tax was a debt within the meaning of this statute and that the suit was maintainable under its provisions. The case is plainly not in point in the instant case, for the reason that the peculiar terms of the statute required such holding.

[4] That the holding of the authorities on the subject is as above stated, is not controverted in argument before us in behalf of the plaintiff in error taxpayer. It is, however, urged in his behalf that when the statute in question (subsection "2" of paragraph "second" of section 8, "Schedule C") is read along with section 2304 of the Code of 1919 and with the "first" paragraph of said section 8, it becomes apparent that the statute in question does not use the terms "bills and accounts payable" with the aforesaid technical meaning, but with the meaning of *all debts, claims, or demands whatsoever*, owing by the taxpayer, which would include the Federal taxes in question.

Section 2304 of the Code (1919), so far as material, is as follows:

Construction of the Revenue Laws.—In addition to the rules of construction prescribed by chapter two of this Code, the following rules of construction shall apply to

the law for the assessment and collection of taxes, unless such construction should be inconsistent with the manifest intent of the General Assembly.

\*    \*    \*    \*    \*    \*

"The word 'credits' shall be construed to mean *all* *solvent debts, claims or demands* owing or coming *to* any person, whether the evidence of such debts, claims or demands be in writing or not, \* \* ." (Italics supplied.)

The word "credits" is not used in the subsection of the statute in question. Moreover, we find this word only in the "third" paragraph of said section 8 ("Schedule C"), and it is there used to designate property upon which the statute means to impose taxation, and not to designate deductions which the taxpayer is entitled to make from taxable property. And that such is the meaning of the word "credits" as used in said section 2304 is indeed apparent from the very terms there used, defining "credits" as "*solvent*" debts, claims or demands owing or coming *to* any person."

[5] The "first" paragraph of said section 8 imposes taxation upon certain bonds and other choses in action (which consist of contract obligations alone), and does allow the deduction by the taxpayer from the aggregate amount of such form of property "of all *such* \* \* demands or claims \* \* owing to others (by him) as principal debtor." But, manifestly, from the very terms of this portion of the statute the deductions allowed are confined to obligations of the taxpayer which are of the same kind as those on which this paragraph of the statute imposes taxation, namely, contract obligations of the taxpayer, not taxes owing by him.

[6] Moreover, as this court held in *Bridgewater Mfg. Co.* v. *Funkhouser*, 115 Va. 476, 79 S. E. 1074, each classification of property made by statute imposing taxation stands alone so far as determining whether any

deductions can be allowed from the aggregate amount thereof, and, if any, what deductions. In that case this is said: " * * The lawmaking power alone must determine whether such an allowance shall be made * * and, if made, against what forms of property the deduction shall be allowed and to what extent."

[7] Examples are cited in argument for the plaintiff in error of claims which might arise owing to the taxpayer from sources other than contracts which would be taxable to the corporation as capital, such as claims arising out of condemnation of the property of the corporation for public use, or out of a tort committee against the corporation, and it is urged that if such claims are taxable they are deductible. But the error in this assumption consists in this: Such claims would be taxable, but not as "bills and accounts receivable." They would be taxable under subsection 5 of the aforesaid statute as "all other * * demands and claims," and from such form of property the statute allows no deduction whatever.

The case will be affirmed.

*Affirmed.*