EDWARD E. HOENIG ET AL., EXECUTORS (ESTATE OF
WILLIAM M. SULLIVAN) v. WILLIAM F. CONNELLY,
TAX COMMISSIONER

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, JS.

Argued April 8—decided May 18, 1954

*Francis P. Schiaroli,* with whom was *Edward F. Snyder,* for the appellants (plaintiffs).

*Herman Levine,* inheritance tax attorney, with whom, on the brief, were *William L. Beers,* attorney general, and *Frederic W. Dauch,* first assistant tax commissioner, for the appellee (defendant).

INGLIS, C. J. The question on this appeal is whether a bequest to trustees of a fund to be turned over by them, more than five years after the testator's death, to a charitable corporation or to other trustees for charitable uses is exempt from the succession tax.

William M. Sullivan died on May 29, 1947. He left a will which was admitted to probate in the Probate Court for the district of Ridgefield on June 11 of the same year. In that will he appointed Arcie Lubetkin and Edward E. Hoenig as executors and trustees with the proviso that upon the death or failure to act of either or both of them the Guaranty Trust Company of New York should act as successor executor and trustee. By the twentieth clause of

his will he gave all the rest, residue and remainder of his estate to his executors and trustees in trust to pay the income to Lubetkin during his life and after his death to Hoenig during his life, with the right in each beneficiary to receive, under certain contingencies, a portion of the principal. Both Lubetkin and Hoenig have irrevocably waived their respective rights to invade the principal.

In the twenty-first clause of the will the testator directed that upon the death of the survivor of Lubetkin and Hoenig the trust created by the twentieth clause should terminate. He then devised and bequeathed all of the principal of his residuary estate to "my Executors and Trustees hereinbefore named to be paid and turned over by them to a corporation to be formed as herein set forth and specified and to be known as the 'William Matheus Sullivan Musical Foundation,' and to be used by said corporation for the following uses and purposes." The directions for the formation of the corporation are, in brief, that it be organized under the laws of either Connecticut or New York for the purpose of aiding worthy students of music in securing an adequate musical education and of giving, without profit to it, concerts and recitals of a character appropriate for the education of the general public in the musical arts. The testator provided further, however, that the purposes of the corporation should not be limited to those just stated and that it should have such additional powers as "may be deemed necessary or convenient" to the proper fulfilment of his general purpose of advancing the cause of music; all of that he left to the "good judgment of the Trustees" of the corporation. He also directed that the failure of the trustees or of the corporation to carry out any of the methods indicated for the accomplishment of his

main purpose "shall in no wise prevent the [e]ffecting of any or all other methods." The clause contained the direction that the first trustees of the corporation should be his executors and trustees and Edward Johnson, Edward Ziegler and George Bagby, and that the board of trustees of the corporation should be a self-perpetuating body.

In the last paragraph of the twenty-first clause the testator provided: "If for any reason the said Corporation shall not be organized or if for any other reason the provision of this clause for the creation of the said Foundation and to carry out the purposes and aims as set forth herein shall be ineffectual, then . . . upon the termination of the trust created . . . for the benefit of Arcie Lubetkin and Edward E. Hoenig, I direct that the said fund shall be by my said Executors and Trustees in conjunction with . . . Edward Johnson, Edward Ziegler and George Bagby, as such Trustees, applied and paid for any charitable purpose, preferably that in the cause of music, which shall be selected and determined by my said Executors and Trustees in conjunction with the said Edward Johnson, Edward Ziegler and George Bagby, as such Trustees."

When the same will was before us for construction in *Hoenig* v. *Lubetkin*, 137 Conn. 516, 79 A.2d 278, we held that the corporation to be known as the William Matheus Sullivan Musical Foundation could not be organized until after the death of the two life tenants. It follows that it will not be ascertained until that time whether the remainder interest in the residue of the testator's estate will ultimately go to that corporation or whether, failing the organization of such a corporation, it will go to the individual trustees named in the last paragraph of the twenty-first clause of the will. In any event, more than five

years have already elapsed since the testator's death, the life tenants are still alive and the corporation has not yet been organized.

In connection with the computation of the succession tax on the estate, the executors claimed that the bequest made in the twenty-first clause of the will was exempt as a bequest to charity. The Probate Court, however, refused to allow the exemption, on the ground that the corporation to which the bequest was made was not organized either at the date of the testator's death or within five years thereafter. The Superior Court rendered judgment sustaining the Probate Court, and from that judgment this appeal has been taken.

The statute which controls the decision of the matter is § 489c of the 1935 Cumulative Supplement, now § 2027 of the 1949 Revision, the relevant portions of which are printed in the footnote.[1] In general,

---

[1] "Sec. 2027. EXEMPTIONS. (a) There shall be exempt from the tax imposed by this chapter all transfers to or for the use of . . . any corporation, institution, society, association or trust . . . formed for charitable, educational, literary, scientific, historical or religious purposes, provided the property transferred is to be used exclusively for one or more of such purposes; but no such transfer shall be exempt if . . . any officer, member, shareholder or employee of such corporation, institution, society, association or trust shall be receiving or shall previously have received any pecuniary profit from the operation thereof, except reasonable compensation for services in effecting one or more of such purposes or as proper beneficiaries of a strictly charitable purpose, or if the organization of any such corporation, institution, society, association or trust, for any of the foregoing avowed purposes be a guise or pretense for directly or indirectly making for it, or for any of its officers, members, shareholders or employees, any other pecuniary profit, or if it be not in good faith organized or conducted for one or more of such purposes; . . . (b) All transfers to or for the use of any corporation, institution, society, association or trust which would be exempt under the provisions of subsection (a) if such corporation, institution, society, association or trust had been incorporated or organized at the date of the transferor's death, shall be likewise exempt if satisfactory

the section, so far as it is pertinent to the present case, states that there shall be exempt from the succession and transfer tax all transfers to or for the use of "any corporation, institution, society, association or trust" formed for charitable or educational purposes, provided the property transferred is to be used exclusively for one or more of such purposes. It excludes from the benefit of the exemption any organization or trust the officers, members or employees of which receive any pecuniary profit from its operations. The right to exemption is further qualified by the provisions of subsection (b) of the statute. As to any corporation, institution, society, association or trust not incorporated or organized at the date of the transferor's death, this subsection requires that proof of incorporation or organization be filed with the tax commissioner prior to the filing of the fiduciary's tax return. If proof is not filed at that time, the transfer is not exempt, but if satisfactory evidence of incorporation or organization is presented to the commissioner within five years after the date of the transferor's death, there may be a refund of the tax collected.

The purpose of subsection (b) is obviously to provide the commissioner, at the time he assesses the tax or at the time he directs a refund of the tax, with assurance that the corporation, institution, so-

---

evidence of the incorporation or organization thereof be submitted to the commissioner prior to the time of the filing by the fiduciary of the return as provided in section 2040. If such satisfactory evidence be not presented at such time, the transfer shall not be exempt; but, if such satisfactory evidence be presented to the commissioner within five years after the date of the transferor's death, the commissioner shall recompute the tax, treating such transfers as exempt, and shall, with the written approval of the attorney general, present the matter to the comptroller for a refund."

ciety, association or trust seeking the exemption is in reality organized for truly charitable purposes to such an extent that it is entitled to exemption. Inasmuch as the statute is one which exempts from taxation, it must be strictly construed, and no charity is entitled to exemption unless it completely satisfies all the statutory requirements. *McLaughlin* v. *Poucher,* 127 Conn. 441, 444, 17 A.2d 767; *Klein* v. *Bridgeport,* 125 Conn. 129, 131, 3 A.2d 675; see *Yale University* v. *New Haven,* 71 Conn. 316, 329, 42 A. 87.

The plaintiffs, executors of the will, concede, of course, that they have not been able to furnish the commissioner with proof that the corporation to be known as the William Matheus Sullivan Musical Foundation has been organized within five years after the testator's death. Their position, however, is that the bequest in the twenty-first clause of the will is to a "trust" of which, under the construction of the will by this court, the Guaranty Trust Company will be the trustee, and that this trust is for charitable purposes, to be achieved either through the medium of the proposed corporation or in some other manner. This trust, they say, came into existence coincidentally with the testator's death and therefore qualifies for exemption.

It is true that in the first part of the twenty-first clause the remainder interest in the residue of the estate after the life uses to Lubetkin and Hoenig is bequeathed to the Guaranty Trust Company in trust. It is probably true that the bequest to the Guaranty Trust Company vested in it as trustee upon the death of the testator. 1 Bogert, Trusts & Trustees, p. 514; 1 Scott, Trusts, § 77. The weakness of the plaintiffs' argument, however, lies in the fact that the trust is not the entity which by the terms of the will is to administer the charity. By the

terms of the will the only function of the Guaranty Trust Company as the successor trustee, so far as the ultimate disposition of the residue of the estate is concerned, is to organize the foundation and turn the residue over to it or, if the foundation is not organized, to turn the residue over to a set of trustees composed of the Guaranty Trust Company, Johnson, Ziegler and Bagby. Either the foundation or those trustees are to apply the fund to charity. The trust of which the Guaranty Trust Company alone is the trustee is to act only as a conduit through which the fund will get to a charitable corporation or a charitable trust. See *Coit* v. *Comstock,* 51 Conn. 352, 384. It is no part of the function of this trust directly to apply the funds to charity as in the case of *In re Estate of Curtis,* 88 Vt. 445, 447, 92 A. 965, relied upon by the plaintiffs. That function is to be performed by the foundation or the trust which is to be set up in the event the foundation is not incorporated. It is, therefore, the foundation or the alternative trust which is the corporation or trust entitled under the statute to exemption, if it could qualify. It is not the trust which operates merely as a means of transferring the fund to the foundation or the alternative trust.

The Guaranty Trust Company itself clearly is not a corporation, institution, society or association formed for charitable purposes. It is not itself exempt from the succession tax. See *Hooper* v. *Shaw,* 176 Mass. 190, 192, 57 N.E. 361. As has already been pointed out, the trust of which it is named trustee is not a trust formed for charitable purposes. It follows that the bequest to it in trust is not exempt under the statute. If it is assumed that when the foundation is organized it will be such a charitable corporation as is exempt under

the statute or that any trust of which the Guaranty Trust Company, Johnson, Ziegler and Bagby are trustees will be such a charitable trust as is exempt under the statute, neither of them can obtain the exemption because it has been unable to furnish satisfactory evidence of its organization as required by subsection (b) of the statute. The court was correct in concluding that the statute did not exempt the bequest contained in the twenty-first clause of the will from the succession tax.

The plaintiffs also contend that subsection (b) of § 2027 is violative of constitutional guarantees of the equal protection of the laws. The argument is that it unreasonably discriminates against bequests to charitable corporations or trusts which are not organized before the expiration of five years after the death of the transferor. It is true that the effect of the statute is to exempt from the succession tax most bequests to strictly charitable corporations, associations and trusts but to exclude from exemption bequests to charitable corporations, associations and trusts which are unable to prove their organization within the stated five-year period. It does not necessarily follow that such exclusion from exemption is unconstitutional.

Neither § 1 nor § 12 of article first of the Connecticut constitution nor § 1 of the fourteenth amendment to the federal constitution requires that taxation be equal and uniform. Classification for the purposes of taxation is permissible if it is reasonable and rests upon some ground of difference having a fair and substantial relation to the object of the legislation. *Bassett* v. *Rose,* 141 Conn. 129, 134, 104 A.2d 212; *New Haven Metal & Heating Supply Co.* v. *Danaher,* 128 Conn. 213, 219, 21 A.2d 383, and cases cited. The courts will not interfere with a

classification adopted by the legislature unless it is clearly unreasonable. *Silver* v. *Silver,* 108 Conn. 371, 378, 143 A. 240; *Second National Bank of New Haven* v. *Loftus,* 121 Conn. 454, 460, 185 A. 423.

Subsection (a) of § 2027 does not exempt all bequests to charitable corporations or trusts. By its terms it exempts only if the property transferred is to be used exclusively for charitable purposes. It does not exempt if any officer or member of the organization which is to administer the trust will receive any pecuniary profit from it or if it be not organized in good faith to accomplish one or more of the charitable purposes specified. Whether a specific corporation or trust fully meets the requirement of exemption cannot be ascertained until it is organized. It is only then that it can be determined whether its purposes are exclusively charitable, whether any officer or member is to receive any pecuniary profit from it or whether it is really organized in good faith for charitable purposes. It is, therefore, essential that complete information concerning the organization of the corporation be furnished to the tax commissioner before he can determine whether the bequest to the corporation is exempt.

Final determination of exemption must be made at some time. The question of exemption ought not to be left open indefinitely. We cannot say that it is unreasonable to limit the time for such determination to five years after the transferor's death. Consequently, we are forced to the conclusion that a classification which limits the exemption to those corporations, associations and trusts that qualify and are organized not later than five years after the transferor's death but denies exemption to those which may be organized after that time is reason-

able and is in furtherance of the objects of the legislation.  Subsection (b) of the statute is not unconstitutional.

There is no error.

In this opinion the other judges concurred.