FRANK AMODIO MOVING AND STORAGE COMPANY, INC. *v.* WILLIAM F. CONNELLY, TAX COMMISSIONER, ET AL.

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued October 9—decided October 29, 1957

*Anthony J. Monterosso,* for the appellant (plaintiff).

*F. Michael Ahern,* assistant attorney general, with whom, on the brief, were *John J. Bracken,* attorney general, and *Walter T. Faulkner,* assistant attorney general, for the appellees (defendants).

KING, J. Frank Amodio, as an individual, had for some years owned and operated a moving and storage business in New Britain. Among the assets of his business were fourteen motor trucks and three passenger cars. In December, 1951, Amodio decided to incorporate the business and the plaintiff corporation was duly formed. In the early part of January, 1952, the seventeen motor vehicles were transferred to the corporation and recorded on its books as corporate assets. About a month later Amodio, as an officer of the corporation, applied for a change of registration of the motor vehicles so that their registration would conform to their corporate ownership. This transfer was refused until the

corporation paid a use tax of $1066.56. The tax was paid under protest, the transfer of registration was made, and, after proper preliminary proceedings, this appeal was taken to recover the amount paid as a tax. The sole claim of the plaintiff is that the transfer of the ownership of the vehicles was not subject to any tax.

The decision of the appeal turns on the language of § 460b of the 1951 Cumulative Supplement (now, in a very different form, No. 459 of the Public Acts of 1957), the material provisions of which are printed in the footnote.[1] There is no claim that Amodio was a licensed motor vehicle dealer. Consequently, the transfer of the vehicles was not subject to a sales tax. The plaintiff claims it was not subject to a use tax for two basic reasons.

The plaintiff's first reason is that there is nothing to indicate that Amodio made a sale, as distinguished from a gift, to the corporation. This claim requires no extended discussion. The motor vehicles were part of the assets transferred to the corporation by Amodio and in return for which it issued its stock, principally to him, in accordance with the provisions of what is now § 2574d (3) of the 1955 Cumulative Supplement and of § 5169 of the General Statutes. From the transfer of ownership from Amodio to the corporation an implied contract to pay for the motor vehicles, in stock or otherwise, would arise. *Collins*

---

[1] "Sec. 460b. TAX ON CASUAL SALES OF MOTOR VEHICLES. In case of the purchase of any motor vehicle other than from a licensed motor vehicle dealer, the receipts therefrom shall not be included in the measure of the sales tax, but the purchaser thereof, except when said purchaser is the spouse, mother, father, brother, sister or child of the seller, shall pay a use tax on the total purchase price thereof to the tax commissioner . . . before obtaining an original or transferral registration in accordance with regulations prescribed by the tax commissioner . . . ."

v. *Lewis,* 111 Conn. 299, 304, 149 A. 668. The stipulation of facts contains nothing about a gift, nor any other fact negating the implied contract of purchase. The plaintiff's second reason is that the purchaser was "the spouse, mother, father, brother, sister or child of the seller." Obviously, the corporate plaintiff occupied none of the enumerated relationships to Amodio. It relies, in this claim, on one of its by-laws which provided that no shares of stock could be transferred to any person other than an incorporator. The incorporators, and the stockholders, were Amodio; his wife, Virginia; his sons, John and Louis; and his daughter, Ann. The plaintiff claims that the corporate entity should be disregarded and the transfer treated as one to the stockholders as individuals. At any time the by-law in question could be changed, and indeed it must be changed prior to the death of the survivor of the incorporators, since otherwise there would be no one eligible to be a stockholder and the corporation, according to this provision of the by-laws, would be without any stockholders at all. Furthermore, the present stockholders, including Amodio, who owns a majority of the stock, are enjoying the benefits and protection of corporate operation of the business. This enjoyment is totally inconsistent with any claim that they, as individuals, should be considered the owners of the business. To disregard the corporate entity would be entirely contrary to the wording of the exemption clause in the statute. It is a settled rule of law that a statutory provision granting an exemption from a tax is to be strictly construed. *Hoenig* v. *Connelly,* 141 Conn. 266, 272, 105 A.2d 775.

There is no error.

In this opinion the other judges concurred.