HARTFORD HOSPITAL *v.* BOARD OF TAX REVIEW OF THE CITY OF HARTFORD

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued January 8—decided April 8, 1969

*David Schwartz,* with whom was *Arthur L. Shipman, Jr.,* for the appellant (plaintiff).

*Richard M. Cosgrove,* deputy corporation counsel, for the appellee (defendant).

RYAN, J. The plaintiff, a hospital corporation, appealed from the Hartford board of tax review to the Court of Common Pleas, claiming that certain property acquired by it in 1964 is exempt from taxation. From a judgment rendered following the sustaining by the trial court of the defendant's plea in abatement, the plaintiff has appealed to this court.

Pursuant to a stipulation of the parties, the trial court found the following facts: The plaintiff is a corporation without capital stock which maintains and conducts a hospital. In August, 1964, the plaintiff acquired the property known as 268–270 Washington Street in Hartford. On or before July 1, 1965, the plaintiff filed a property tax report in the office of the tax assessor of the city of Hartford covering this piece of property. The department of assessment made a determination that the property was not exempt from the tax list of July 1, 1965, and placed the property on the taxable list at a valuation of $73,600. From this action, the plaintiff appealed to the board of tax review in December, 1965. This appeal was denied, and the plaintiff took no appeal to the Court of Common Pleas from this decision. The plaintiff filed no property tax report covering the subject property subsequent to the one filed on or before July 1, 1965. The tax assessor placed the property in question on the tax list of July 1, 1966, at a valuation of $73,600. The plaintiff appealed from this action to the board of tax review in December, 1966. The board entered a notation in a space provided therefor at the foot of the petition for appeal showing the action of the

board of tax review as "no change." On December 30, 1966, the board of tax review sent a notice of action to the plaintiff stating that "the Board of Tax Review have considered your appeal" and "voted that we find no error in the action of the City Assessor." The plaintiff appealed to the Court of Common Pleas within two months of this action of the board of tax review, claiming that it was aggrieved by the action of the board because the property is used exclusively for hospital purposes and should have been exempted from taxation. The defendant pleaded in abatement that the court did not have jurisdiction of the action on the ground that the plaintiff failed to satisfy the statutory conditions essential to a valid appeal to the board of tax review and from that board to the Court of Common Pleas, because it failed to apply for a tax exemption for the property in question on the tax list of July 1, 1966. The trial court sustained the defendant's plea in abatement and rendered judgment dismissing the plaintiff's appeal.

The plaintiff assigns error in several conclusions of the trial court, on the ground that they are unsupported by the finding of subordinate facts, including the following: (1) The department of assessment made no determination as to the exemption regarding the subject property for the tax list of July 1, 1966. (2) The plaintiff was not aggrieved by any action of the department of assessment regarding tax exemption on the list of July 1, 1966. (3) The board of tax review of the city of Hartford and the Court of Common Pleas lacked jurisdiction to hear an appeal regarding tax exemption on the tax list of July 1, 1966. (4) The applicable sections of the General Statutes governing tax exemptions are §§ 12-81, 12-87, 12-88 and 12-89. (5) The plain-

tiff did not satisfy all of the requirements imposed on it by the applicable sections of the General Statutes. (6) The defendant was not estopped from alleging lack of jurisdiction. (7) Section 12-118 of the General Statutes does not give the Court of Common Pleas jurisdiction of the plaintiff's appeal from the board of tax review. The plaintiff also assigns error in the overruling of its claims of law by the trial court.

The plaintiff claims a property tax exemption for the Washington Street property, which it acquired in August, 1964, pursuant to § 12-81 (16) of the General Statutes.[1] The defendant concedes that the plaintiff hospital meets the requirements of subsection (a) of the statute. Subsection (b) required that, in order to qualify property for tax exemption, a statement on forms prepared by the tax commissioner must be filed with the city assessor in 1963 and quadrennially thereafter.[2] The exemption provided by § 12-81 (16) is limited by § 12-88, to which it is subject and which provides in part: "The

[1] "Sec. 12-81. EXEMPTIONS. The following-described property shall be exempt from taxation: . . .

"(16) HOSPITALS AND SANATORIUMS. Subject to the provisions of section 12-88, all property of, or held in trust for, any Connecticut hospital society or corporation or sanatorium, provided (a) no officer, member or employee thereof receives or, at any future time, shall receive any pecuniary profit from the operations thereof, except reasonable compensation for services in the conduct of its affairs, and (b) in 1963 [now 1967], and quadrennially thereafter, a statement on forms prepared by the tax commissioner shall be filed by such hospital society, corporation or sanatorium on or before the last day required by law for the filing of assessment returns with the local board of assessors of any town, consolidated town and city or consolidated town and borough, in which any of its property claimed to be exempt is situated;"

[2] Although the statute speaks of a "board of assessors," in Hartford the statement would be filed with the city assessor. See Hartford Charter, c. 8 § 16 (1960); 25 Spec. Laws No. 30, p. 62 § 16.

real property belonging to, or held in trust for, any such organization, not used exclusively for carrying out one or more of such purposes [under which exemption is claimed] but leased, rented or otherwise used for other purposes, shall not be exempt." See *Arnold College* v. *Milford,* 144 Conn. 206, 209, 128 A.2d 537; *New Canaan Country School, Inc.* v. *New Canaan,* 138 Conn. 347, 350, 84 A.2d 691. The trial court concluded that the applicable statutes governing tax exemptions for hospitals are §§ 12-81, 12-87, 12-88 and 12-89. In their briefs, both parties agree that § 12-87[3] is, by its terms, not applicable to § 12-81 (16). On the other hand, both parties claim that the provisions of § 12-89[4] apply to § 12-81 (16) and to the instant case. In fact, neither § 12-87 nor § 12-89 applies to the provision of the statutes exempting hospitals from taxation. This becomes quite clear upon an examination of the legislative history of these statutes.

Prior to 1925, the property tax exemption statute (Rev. 1918, § 1160, the predecessor of General Statutes § 12-81) provided simply that certain classes of property would be exempt from the property tax levy. In 1925, the exemption statute was amended to provide that the real estate of "scientific, educa-

[3] "Sec. 12-87. ADDITIONAL REPORT. PROPERTY, WHEN TAXABLE. During any year for which a report is not required by subdivisions (7), (10) and (11) of section 12-81, a report shall be filed during the time prescribed by law for the filing of assessment lists next succeeding the acquiring of property not theretofore made exempt by said subdivisions. Property otherwise exempt under any of said subdivisions and this section shall be subject to taxation until the requirements of said subdivisions and of this section have been complied with."

[4] "Sec. 12-89. ASSESSORS TO DETERMINE EXEMPTIONS. The board of assessors of each town, consolidated town and city or consolidated town and borough shall inspect the statements filed with it and required by sections 12-81 and 12-87 from scientific, educational, literary, historical, charitable, agricultural and cemetery organiza-

tional, literary or benevolent institutions, and of agricultural societies" would not be exempt from the property tax "for any year in which it shall omit to file with the assessors . . . a list and statement concerning value, purpose, income and expenditures of its property upon blanks furnished by the tax commissioner". Public Acts 1925, c. 245 § 1 (4) (b). At that time, no such modification was made in the statute dealing with the exemption of property owned by hospitals. In 1927, the legislature amended the statute to require the filing of annual statements with the local board of assessors and extended the filing requirement to religious organizations holding property for cemetery purposes. Public Acts 1927, c. 319 § 1 (7) (b), § 1 (9) (c). The 1927 legislature also enacted the predecessor of General Statutes § 12-89, which empowered the board of assessors to examine the tax exempt statements of "scientific, educational, literary, historical, charitable, agricultural and cemetery organizations" and to determine whether the requested exemption was warranted. It also provided for an appeal to the board of tax review and then to the Superior Court from the action of the assessors in denying an exemption to such an

---

tions, shall determine what part, if any, of the property claimed to be exempt by the organization shall be in fact exempt and shall place a valuation upon all such property, if any, as is found to be taxable, provided any property acquired between assessment dates by any tax-exempt organization shall first become exempt on the tax list next succeeding the date of acquisition. Any organization filing a tax exempt statement, aggrieved at the action of the board of assessors, may appeal, within the time prescribed by law for such appeals, to the board of tax review. Any such organization claiming to be aggrieved by the action of the board of tax review may, within two months from the time of such action, make application in the nature of an appeal therefrom to the court of common pleas of the county in which such town, city or borough is situated."

organization. Public Acts 1927, c. 319 § 3. In 1929, the annual filing requirement was modified to require the quadrennial filing of tax exemption statements by such organizations commencing in 1929. Public Acts 1929, c. 24 § 1 (7) (b), § 1 (9) (c). At the same time the legislature enacted the predecessor of General Statutes § 12-87, which provided that, if any scientific, educational, literary, historical, charitable, agricultural or cemetery organization secured property, which it claimed to be exempt, during any year in which a statement was not required, then such a statement would have to be filed in order for the property to be exempt on the tax list of the next succeeding year. Public Acts 1929, c. 24 § 2.

There has been no significant change in the provisions of General Statutes § 12-87 since 1929, nor has there been any such change in the provisions of § 12-89 since 1927. The predecessors of both of these statutes applied only to scientific, educational, literary, historical, charitable, agricultural and cemetery organizations. Their provisions were never made applicable to § 12-81 (16).

In the instant case, the plaintiff, prior to July 1, 1965, filed a report claiming exemption for the subject property. The tax assessor denied the exemption and placed the property on the 1965 tax list. The plaintiff's appeal to the board of tax review was denied, but it took no appeal to the Court of Common Pleas. The plaintiff filed no claim for exemption on the tax list of 1966 but nevertheless takes the position that because it filed a property report before July 1, 1965, there was nothing further for it to do until 1967 and that by virtue of the 1965 filing, it was entitled to the benefits of any exemption which it might claim under the statute. The

plaintiff urges that, since the defendant did not allege that the plaintiff failed to file the required statement in 1963, it cannot be asserted that the plaintiff has failed to comply with the requirements of § 12-81 (16). This statute makes no provision for filing additional property reports during the time prescribed by law for the filing of assessment lists next succeeding the acquisition of property not theretofore made exempt in the manner required for organizations claiming exemption under subdivisions (7), (10) and (11) of § 12-81.

Hospital corporations are, however, subject to other applicable provisions of chapter 203 (assessment of property tax) of the General Statutes. Section 12-64 of the General Statutes provides in pertinent part as follows: "All the following-mentioned property, not exempted, shall be set in the list of the town where it is situated and, except as otherwise provided by law, shall be liable to taxation . . . . Any interest in real estate shall be set by the assessors in the list of the person in whose name the title to such interest stands on the land records." In 1965, the board of tax review rejected the plaintiff's appeal claiming exemption of the property in question, and, since no appeal was taken, we must assume that the board's reason for refusing the exemption was valid. The board was empowered under § 12-113, if the facts so warranted, to erase from the tax list any item which ought not to be retained in it. Despite this ruling, the plaintiff takes the position that there was no necessity for any further report claiming exemption until 1967. There is nothing in our statutes to justify such a conclusion. Let us assume, arguendo, that a parcel of real estate included in the quadrennial report was denied exemption by the assessor. Can it be said

that it was the intention of the legislature that, without claiming exemption by filing a tax report with the assessor in the succeeding year, the plaintiff would be entitled to an exemption and, in lieu thereof, to an appeal to the board of tax review and to the Court of Common Pleas claiming an exemption? We think not. Nor was it the intention of the legislature that a hospital which acquired property, otherwise exempt, after filing its quadrennial report, would be precluded from claiming an exemption for a period of almost four years.

The obvious intention of the legislature in requiring quadrennial reports was to avoid the necessity of claiming exemptions annually once the exempt status of the property has been established. Exemption of the Washington Street property was never established and was, in fact, denied in 1965. If there had been any change concerning this real estate which would permit its exemption under §§ 12-81 (16) and 12-88, the burden was on the plaintiff to file a report prior to July 1, 1966, to establish its right to such exemption. It is a settled rule of law that statutes which exempt from taxation are to be strictly construed against the party claiming an exemption. *Sullivan* v. *Union & New Haven Trust Co.*, 147 Conn. 178, 181, 158 A.2d 174; *Frank Amodio Moving & Storage Co.* v. *Connelly*, 144 Conn. 569, 572, 135 A.2d 737; *Hoenig* v. *Connelly*, 141 Conn. 266, 272, 105 A.2d 775. When the plaintiff failed to file a report claiming a tax exemption for the subject property prior to July 1, 1966, the assessor had no alternative but to continue the property on the tax list. General Statutes § 12-64.

Organizations, such as the plaintiff, not specifically mentioned in § 12-89 may, if they are aggrieved, appeal from the action of the board of

assessors to the board of tax review as provided in §§ 12-111 and 12-112. Section 12-118 provides that any person claiming to be aggrieved by the action of the board of tax review may appeal to the Court of Common Pleas. This is the general appeal statute for chapter 203 of the General Statutes, and the instant appeal is governed by its provisions. The claim of the defendant that this statute is not applicable to appeals from the action of an assessor in denying a tax exemption is without merit. See, for example, *Edgewood School, Inc.* v. *Greenwich,* 131 Conn. 179, 184, 38 A.2d 792, where such an appeal was taken under Cum. Sup. 1935, § 374c, a predecessor of General Statutes § 12-118.

The plaintiff claims that the trial court erred in sustaining the plea in abatement and in its conclusion that the plaintiff was not aggrieved. "The court performs a double function on an appeal from a board of tax review. First, it must determine the judicial question whether the appellant has been aggrieved by such action on the part of the board as will result in the payment of an unjust and, therefore, a practically illegal tax. Secondly, if that question is answered in the affirmative, the court must proceed to exercise its broad discretionary power to grant relief." *Sibley* v. *Middlefield,* 143 Conn. 100, 105, 120 A.2d 77. " 'The question whether or not an applicant has been aggrieved is made a judicial question, and must be determined in the affirmative before the power to grant relief . . . is called into action' by the trial court." *Wilcox* v. *Madison,* 103 Conn. 149, 151, 130 A. 84 (quoting *Ives* v. *Goshen,* 65 Conn. 456, 460, 32 A. 932). The status of the plaintiff in taking the appeal was clearly challenged by the plea in abatement. The plaintiff filed no tax report claiming exemption in 1966 and was, there-

fore, not aggrieved by the actions of the assessor and the board of tax review.

The plaintiff also urges that the defendant was estopped from alleging that the Court of Common Pleas was without jurisdiction to entertain the plaintiff's appeal because the defendant board of tax review assumed jurisdiction of the plaintiff's appeal from the department of assessment. "An estoppel rests on the misleading conduct of one party which operates to the prejudice of another." *Ackley* v. *Kenyon,* 152 Conn. 392, 397, 207 A.2d 265; *Bianco* v. *Darien,* 157 Conn. 548, 555, 254 A.2d 898; *Franke* v. *Franke,* 140 Conn. 133, 139, 98 A.2d 804. The plaintiff was neither misled nor prejudiced by the action of the board of tax review in acting upon its appeal. The plaintiff's claim of estoppel is without merit.

The action of the trial court in sustaining the plea in abatement was correct.

There is no error.

In this opinion the other judges concurred.