[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 10431
STATEMENT OF CASE
The Plaintiff, Whole Life, Inc. submitted an application for exemption from municipal tax to the Assessor of the Town of Hebron. The plaintiff claimed entitlement to the exemption pursuant to Connecticut General Statutes Section12-81 (7). The application was for the list of October 1, 1990. The application was denied by the Assessor on November 28, 1990 and, following a hearing on February 20, 1991, by the Board of Tax Review on March 4, 1991.
Plaintiff notified the Defendant Town by letter that it was making the same claim for the lists of October 1991 and October 1992. Although no request for leave to amend was filed prior to the trial, Defendant at the trial conceded that it was aware of the Plaintiff's claim for the lists of October 1, 1991 and October 1, 1992. The Town declined the opportunity to have the matter continued in order to more fully prepare to respond to the amended claims. The parties agreed that but for the question of the right to amend at trial, the issues were identical for October 1, 1990 and the two subsequent years. The Court granted Plaintiff's oral motion to amend to add claims for the lists of October 1, 1991 and October 1, 1992. The Town raised no claim that the Plaintiff was barred by reason of failure to appeal to the Board of Tax Review in 1991 and 1992 nor did the Town claim that the Plaintiff was barred by any failure to appeal from the Board of Tax Review to court for the two added years.
ISSUE
Can an organization properly qualified under Section 501 (C)(3) of the Internal Revenue Code and organized for scientific, educational, literary, historical or charitable purposes as set forth in Connecticut General Statutes Section12-81 (7) which leases property for those purposes from a separate and distinct organization similarly organized and qualified apply for and receive an exemption from municipal taxation.
PLAINTIFF'S CLAIMS
Plaintiff claims that Connecticut General Statutes CT Page 10432 Section 12-81 (7) does not distinguish between qualified lessors and qualified lessees. Plaintiff relies on Hartford Hospital v. Hartford, 160 Conn. 370 (1971) to support the assertion that a lease of exempt property does not disqualify, the exemption.
Plaintiff further argues that lessees with duly recorded leases are specifically authorized to appeal from the doing of the Board of Tax Review by Connecticut General Statutes Section 12-118.
Stated in its simplest terms, Plaintiff argues that Connecticut General Statutes Section 12-18 (7) makes no distinction between lessors and lessees. Hartford Hospital stands for the proposition that the lease of the property does not disqualify the exemption; Connecticut General Statutes Section 12-118 stands for the proposition that lessees with recorded leases are equally entitled to the exemption as lessors.
DEFENDANT'S CLAIMS
Defendant argues that this appeal is not pursuant to Connecticut General Statutes Section 12-118 but rather is an appeal from an Assessor's determination of an exemption or lack thereof pursuant to Connecticut General Statutes Section12-89. Defendant points out that Connecticut General Statutes Section 12-89 contains no provision comparable to the language in Connecticut General Statutes Section 12-118
which provides for "any lessee of real property whose lease has been recorded as provided in Connecticut General Statutes, Section 47-19 and who is bound under the terms of this lease to pay property taxes." The Defendant Town does not seriously contest that the lessee may be authorized as the agent of the lessor to file the Form M-3 claiming the exemption, but if the lessee files the form it must do so in an agent's capacity. The Defendant Town vehemently maintains that only the landlord/lessor is eligible to claim the exemption.
FACTS
The basic facts are not in dispute and for the most part was stipulated to by the parties. The Court finds that Whole Life, Inc. is obligated under the terms of its recorded lease CT Page 10433 to pay the property taxes and is an aggrieved party.
The Court finds that Whole Life, Inc. was and is the lessee of certain property in the Town of Hebron known as 90 Marjorie Circle and 43 Northam Road, Hebron. Whole Life, Inc. submitted an application for exemption from municipal property tax for those properties on Form M-3 to the Assessor. Whole Life, Inc. is the lessee of property and a Notice of Lease from CLI Realty Associates, Eighty Seven-Two Limited Partnership to the applicant was duly recorded in Vol. 127, page 554 for 90 Marjorie Circle and in Vol. 127, page 1007 for 43 Northam Road. Under the terms of the lease, , the Plaintiff is responsible for paying the property taxes. The present owner of the fee title to the real estate is CLI Realty Incorporated, the successor to CLI Realty Associates, Eighty Seven-Two Limited Partnership.
The parties agreed at trial that CLI Realty Associates Eighty Seven-Two Limited Partnership and CLI Realty Incorporated as well as Whole Life, Inc. are all duly qualified 501 (C)(3) corporations under the Internal Revenue Code.
If Whole Life, Inc. had been the owner of the fee title to the real estate and had duly applied, there was sufficient evidence of its charitable purpose to support an exemption under Connecticut General Statutes Section 12-81 (7).
OPINION OF THE COURT
It is the holding of the Court that Whole Life, Inc. is not entitled to the claimed exemption.
While Hartford Hospital v. Hartford, 160 Conn. 370
(1971) may stand for the proposition that a lease of property by a charitable corporation does not disqualify the exemption, nothing in that case supports the proposition that the lessee rather than the lessor may claim the exemption. Moreover, in the more recent case of United Church of Christ v. West Hartford, 206 Conn. 711 (1988) at 718 our Supreme Court held:
 "Under our statutes, there are three requirements for a tax exemption. The property must belong to or be held in trust for an organization exempt from CT Page 10434 taxation under the provisions of General Statutes Section 12-81; it must be held for one of the purposes stated in that Statutes' list of exemptions; and it must produce no rent, profits or income.
The holding in the United Church of Christ leads the Court to question whether the earlier holding in Hartford Hospital may have been limited to the facts of Hartford Hospital. Examination of that case indicates that the hospital was renting to its own staff. Apartments in the building in question were occupied exclusively by residents and interns working at the hospital. While it is true that Hartford Hospital was renting its property, it was not renting its property to another tax exempt organization. More importantly, the exemption was claimed by the owner lessor of the property and not by the lessee.
When one compares the three requirements for the exemption set forth in United Church of Christ, to the facts before the Court, one finds that the property does not belong to nor is it held in trust for the claimant Whole Life, Inc., but rather belongs to a different tax exempt organization, CLI Incorporated. Equally, the property is not used by the owner for its tax exempt purpose but is rented to an organization which may be using it for a similarly tax-exempt purpose. Finally, the property is producing rents, profit or income for the owner; and to the extent that such rent, profit or income are prohibited by United Church of Christ, Hartford Hospital may be impliedly limited or overruled.
The legislature has demonstrated in Connecticut General Statutes Section 12-81 (58) that when leased property is to be exempt from taxation, the legislature is capable of specifically authorizing such an exemption. Connecticut General Statutes Section 12-81 (58) provides:
 "Subject to authorization of the exemption by ordinance in any municipality, any real or personal property leased to a charitable, religious or non-profit organization, exempt from taxation for federal income tax purposes, provided such property is used exclusively for the purposes of charitable, religious or non-profit organization;"
CT Page 10435 Connecticut General Statutes Section 12-81 (58) was intended to authorize exactly the type of exemption being claimed by Whole Life, Inc. In fact, that exemption would be available regardless whether the owner of the fee was or was not tax exempt under Section 501 (C)(3) of the Internal Revenue Code. Plaintiff's problem is that the Section conditions the exemption on the local option of adoption by municipal ordinance. The parties agree that no such ordinance was adopted in the Town of Hebron.
No exemption has been claimed by CLI Associates, Inc., That corporation, which owns the disputed property, might be able to rely on Hartford Hospital for the proposition that since it leases the property to a similarly charitable exempt organization and since the property is still being used for the exempt purpose, it is entitled to a Connecticut General Statutes Section 12-81 (7) exemption. The issue of CLI Associates Inc.'s entitlement to the exemption is not before the Court. Likewise, it might be possible for CLI to claim the exemption but to have the Form M-3 filed on its behalf by its agent, Whole Life, Inc. This question is also not before the Court. The question before the Court is whether the tenant, admittedly tax exempt and admittedly renting from a tax exempt landlord each of whom may qualify under the definitions of Connecticut General Statutes Section 12-81
(7), may claim the exemption in its own right simply because it is obligated for the tax. There simply is no authority for such an exemption in the Connecticut Municipal Tax Law.
Our Supreme Court has held that the wisdom of a taxing or exemption scheme is not for court determination. Waterbury Motor Lease, Inc. v. Tax Commissioner, 174 Conn. 51,62 (1977).
Similarly it has held, "Exemptions, no matter how meritorious, are of grace, and must be strictly construed," Woodstock v. Retreat, Inc., 125 Conn. 52, 56 (1938).
Finally, "it is a settled rule of law that statutes which exempt from taxation are to be strictly construed against the party claiming the exemption," Hartford Hospital v. Board of Tax Review, 158 Conn. 138, 147 (1969).
For all of the foregoing reasons the Court finds for the Defendant, Town. The appeal is dismissed. In view of the CT Page 10436 novel nature of the claims made by Whole Life, Inc., the Court exercises its discretion and orders that costs are not taxed against either party.
BY THE COURT, Kevin E. Booth, J. Judge, Superior Court