GEORGE S. CLAY, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF HARRIET F. GUION, DECEASED, PROSECUTOR, v. EDWARD I. EDWARDS, COMPTROLLER OF THE STATE OF NEW JERSEY.

Submitted July 6, 1912—Decided April 10, 1913.

1. The phrase "husband of a daughter," in *Pamph. L.* 1909, *p.* 326, § 1, exempting from inheritance taxation property passing to the husband of a daughter, includes within its meaning the surviving husband of a deceased daughter, even though he subsequently married.

2. The question arising for the first time in this state out of a provision of an act which was taken from a statute of a sister state and construed by her courts, such construction is entitled to great weight and will be followed, unless it is contrary to some declared legislative policy of this state.

On *certiorari.*

Before Justices SWAYZE, VOORHEES and KALISCH.

For the prosecutor, *Charles M. Dolliver* and *Albert C. Wall.*

For the defendant, *Josiah Stryker* and *Edmund Wilson,* attorney-general.

The opinion of the court was delivered by

KALISCH, J. The prosecutor, George S. Clay, in *certiorari,* seeks to remove an assessment of inheritance tax, amounting to $714.17, assessed against the legacy to him under the will of Harriet E. Guion, deceased.

The prosecutor married the testatrix's daughter, Annie Guion. The will was made in the lifetime of the testatrix's daughter, but by a codicil she speaks of the death of her daughter and devises property to her son-at-law, George S. Clay, the prosecutor.

From the will and codicil it appears that George S. Clay,

the prosecutor, and Annie Guion Clay had a son, Godfrey Guion Clay, as their issue.

Harriet Guion died July 28th, 1910. Her will was probated October 19th, 1910, the prosecutor qualifying as executor. The prosecutor remarried April 19th, 1911.

The prosecutor's claim is that the tax has been erroneously assessed against his legacy because our statute exempts property passing to the "husband of a daughter."

The claim of the defendant is that the prosecutor is not within the exemption of the third paragraph of the fourth subdivision of section 1 of the act (*Pamph. L.* 1909, *p.* 326), entitled "Exemptions," and which is in part as follows: "Property passing to churches * * * or to father, mother, husband or widow of a son or the husband of a daughter shall be exempt from taxation under this act" in that the prosecutor was the "widower" of a daughter of the testatrix and not the husband. And the term "widower" is not found in the statutes. The single question presented is whether the phrase "husband of a daughter," as used in this connection, includes the widower or surviving husband of a deceased daughter or not.

The New York courts seem to have considered and passed upon the same question under the provision of a section of the New York statutes relating to the collateral inheritance tax which was passed in 1885 (*N. Y. Laws* 1885, *ch.* 483) and before that provision was taken and incorporated in our original Collateral Inheritance Tax act, approved May 15th, 1894 (*Pamph. L., p.* 318), in practically the same language as contained in the New York statute. As the question arising out of this provision is up for construction for the first time in this state, the construction and effect as declared by the New York courts are entitled to great weight. *Neilson* v. *Russell,* 47 *Vroom* 27, 42.

Two cases involving the subject under discussion arose in New York state under its act of 1885. The first case was *In re Woolsey,* 19 *Abb. N. C.* 232, decided by the surrogate of Kings county in July, 1887, and the second *In re Ray's*

*Estate,* 13 *Misc.* 480, decided by the surrogate of Madison county in 1895.

Although the decisions referred to are not the pronouncements of the highest court of the state, the fact that surrogates deal largely and exclusively with matter relating to the estates of deceased persons qualifies them with expert knowledge of the subject, and coupled with the further facts that no appeal was taken from either decision, and that the construction placed on the words "husband of a daughter," as contained in the act of 1885, by the surrogates, to the effect that they include the surviving husband of a deceased daughter and that the circumstance that the husband has remarried does not deprive him of this right to exemption under the act, yet nevertheless the legislature of the State of New York, in view of all this, in enacting the tax law of 1909 made no change in that regard, but left the phrase "husband of a daughter" undisturbed.

The words "husband of a daughter" having been thus judicially determined, as to their meaning, by the decisions referred to for more than twenty years prior to the passage of the act of 1909, and so far as it appears (there being no decision to the contrary) acquiesced in by the bench and bar of that state, afford confirmatory and contemporaneous evidence of their meaning.

Now, since it is clear also that the provision in our act containing the same words is borrowed from the New York act, unless the construction of the words adopted there is contrary to some declared legislative policy of this state it will be followed.

The claim made by the defendant that the word "husband" in the act does not include within its meaning a husband who is a widower is untenable.

The term "husband" has a definite legal sense, the same as "heir-at-law," "next of kin," &c. This is demonstrated by our statutes with regard to descent and distribution, right to administer intestate estates and relative to curtesy, &c., where the word "husband" is used and not "widower." A tenant by curtesy does not take and enjoy the life estate in his deceased

wife's real estate as "widower" but as husband. If a tenant by curtesy should remarry he continues to enjoy the life estate in his deceased wife's real property as husband. He could not do so as widower because that state or condition has ceased upon his remarriage. In a legal sense he still holds the estate as husband of the deceased wife. In *Hunt* v. *Hunt,* 2 *Stock.* 315, Chancellor Williamson in discussing the rights of the husband in the estate of his deceased wife on page 318 uses the term "husband" throughout. To the same effect is *Romaine* v. *Hendrickson,* 9 *C. E. Gr.* 231.

Another example, amongst the many, is to be found in Lord Campbell's act (9 & 10 *Vict., c.* 93), which provides for compensating the families of persons killed by accidents. The second section of the act provides that every such action shall be for the benefit of the wife, husband, parent and child, &c.

To apply the defendant's contention with effect to this statute would result in that the object of the provision in favor of husband and wife would be practically frustrated, for if the wife was killed, the husband being no longer husband by reason of the death of his wife would fall without the letter of the statute and be remediless. And a like situation would result to the wife if the husband were killed, she being no longer wife but widow.

It thus becomes obvious that to adopt the construction so strenuously urged upon us by the defendant would lead to a sacrifice of the spirit of the act to its letter.

We think that the term "husband of a daughter" means husband of a living or deceased daughter and that the prosecutor's subsequent marriage did not affect his *status* under the will.

There does not appear to be any sound reason why the exemption should extend to the wife or widow of a son and simply to the husband of a living daughter.

The reasoning of Kennedy, S., *In re Ray's Estate, supra,* a case where a husband of a deceased daughter remarried prior to the death of the testator, is appropriate in this connection. He said: "No satisfactory reason can be urged

why the 'widow of a son' should be exempt and the 'husband of a dead daughter' not exempt. Both sustain the same relation to the decedent, both should be entitled to be exempted from the operation of the law; neither justice nor necessity gives to the widow of a son any superior claim to be exempted from this taxation, and both should stand upon the same footing. If the word 'widower' had ever been used in the statute to describe a man whose wife was dead, there might be some grounds to draw distinction claimed by the state in this proceeding. The absence of the word 'widower' does not suggest that the word 'husband' was used in any limited or restricted sense, but, upon the other hand, it is to be given its ordinary legal signification, which custom and long usage and the law and the courts have given it."

And *In re Woolsey, deceased, supra,* Lott, S., said: "I think that the legacy to E. M. is not subject to the collateral inheritance tax. The statute exempts the husband of a daughter. It is true that the wife of M. died before the testator, but I think that does not affect the matter. The legislature may have had in view more than the benefit accruing to the wife of the legatee by this exemption. The children of a deceased daughter may have been considered favored by the exemption from this tax of a legacy to their father."

We think that the prosecutor is entitled to the exemption claimed. The statute in the words "husband of a daughter" describes one who holds the relation of having married the testatrix's daughter, and since it has not added any limitation that relationship for the purposes of description will persist.

The assessment will be set aside.