WILLIAM E. CURTIS, EXECUTOR, vs. WILLIAM H. CORBIN, TAX COMMISSIONER.

Third Judicial District, New Haven, June Term, 1919.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

General Statutes, § 1264, in relation to the succession tax upon property of residents of this State passing to relatives named in Class B, provides that "the net estate . . . in excess of three thousand dollars, shall be subject to a tax of three per centum to and including twenty-five thousand dollars." *Held:—*

1. That this meant that so much of a net estate of not over $25,000 as exceeded $3,000, should be taxed at three per cent, and not, as contended by the plaintiff, that $25,000 should be taxed at that rate after taking out, or in addition to, the $3,000 exemption.

2. That the manifest intent of the statute was to separate the net estate passing to Class B into divisions or parts, and to subject each division or part to the progressive rate of tax prescribed therefor.

3. That the rate of the tax was to be determined by the amount or value of the entire net estate passing to the beneficiaries of the class as a whole, and not by the particular amount or sum passing to each individual beneficiary.

4. That the amount of the tax as thus determined was to be divided among the several members of the class in proportion to the amount or value of the property passing to them respectively.

It is only when there is a clear ambiguity in a taxing statute which leaves it open to different interpretations, that the doubt is to be resolved in favor of the taxpayer.

Argued June 4th—decided July 16th, 1919.

APPEAL by the plaintiff from an order and decree of the Court of Probate for the district of Watertown ascertaining and determining the amount of the succession tax due from the estate of Mary Alathea Curtis of Watertown, deceased; taken to and reserved by the Superior Court in * New Haven County, *Warner*,

* By stipulation of the parties the appeal, which was in form taken to the Superior Court in Litchfield County, was entered in the Superior Court in New Haven County, and subsequent proceedings were had therein.

*J.*, upon a demurrer to the plaintiff's reasons of appeal, for the advice of this court. *Judgment advised affirming the order and decree of the Court of Probate.*

This is a reservation to determine the construction of § 6 of Chapter 332 of the Public Acts of 1915, now § 1264 of the General Statutes. The estate of Mary A. Curtis is in settlement in the Court of Probate for the district of Watertown. No estate passed to Class A under said section, but the bulk of the estate passed to members of Class B. The total taxable estate passing to Class B was $528,931.98. This amount, less the exemption of $3,000, gave $525,931.98 as the taxable estate of Class B. The court, as part of the decree, computed the tax as follows:—

That the amount of tax due from Class B:

|  |  |
|---|---:|
| On $22,000.00 at 3% is | 660.00 |
| On $25,000.00 at 5% is | 1,250.00 |
| On $200,000.00 at 6% is | 12,000.00 |
| On $278,931.98 at 7% is | 19,525.86 |

Total amount of tax due from Class B      $33,435.86

The court, in ascertaining the tax due from each member of the class, pro rated the entire tax of $33,435.86 assessed on the total property passing to the Class, charging each beneficiary with such percentage of the entire tax as his share was of the entire property passing to said Class, as shown in the following table:—

Memorandum, computation inheritance tax, Class B:

| Amt. to class. | Amt. of share. | Whole tax. | Share of tax. | Name. |
|---|---|---|---|---|
| 528,931.98 | 263,399.31 | 33,435.86 | 16,650.50 | Wm. E. Curtis. |
| 528,931.98 | 265,032.67 | 33,435.86 | 16,753.78 | Elizabeth Curtis. |
| 528,931.98 | 125.00 | 33,435.86 | 7.90 | Marjorie Curtis. |
| 528,931.98 | 225.00 | 33,435.86 | 14.22 | Helen Curtis. |
| 528,931.98 | 150.00 | 33,435.86 | 9.48 | Cornelia Curtis. |

The executor appealed from this decree determining

Curtis v. Corbin.

the succession tax. His reasons of appeal set out the doings of the Court of Probate as to each beneficiary of Class B, and in the "more specific reasons of appeal" the errors complained of were set out as follows:—

"The erroneous method in the construction and application by said court in said law consisted in this, that "(a) Deduction of the three thousand dollars ($3,000) was made from the first twenty-five thousand dollars ($25,000), and twenty-two thousand dollars ($22,000) was taxed at three per cent (3%); whereas by proper interpretation, construction and application of said law, said sum of three thousand dollars ($3,000) should be exempted from the taxable amount, and the full amount of twenty-five thousand dollars ($25,000) should be taxed at three per cent (3%) rather than and instead of twenty-two thousand dollars ($22,000).

"(b) The rate of tax was based upon the amount passing to all of the legatees composing a class as a whole, whereas, by a proper interpretation, construction and application of said law in fixing the progressive rate of taxation, the rate should be and should have been based on the amount coming from said estate to and to be derived therefrom by each individual, that is, the tax should be and should have been calculated and paid upon the amount passing to each such individual, and not calculated and based upon and paid according to the amount passing to the entire class.

"2. Paragraphs 7, 8, 9, and 10 of said reasons of appeal are hereby amended by making the identical addition to each of the same."

The reasons of appeal were demurred to on the ground, in substance, that the court did not err in any of the particulars alleged, and the appeal was reserved for the advice of this court.

*George E. Hinman* and *Arthur E. Howard, Jr.*, with whom, on the brief, was *Frank E. Healy*, Attorney-General, for the defendant.

*Nathaniel R. Bronson* and *Charles E. Hart, Jr.*, for the plaintiff.

GAGER, J. This reservation raises two questions with reference to the meaning of § 6 of Chapter 332 of the Succession and Inheritance Tax Act of 1915 (§ 1264 of the General Statutes), specifically as relating to Class B.

The first relates to the determination of the amounts subject to the progressive rates of taxation prescribed by the Act for Class B; and the second question is whether those successive amounts shall be determined with reference to net estate going to Class B as a whole, or with reference to the amounts going to the individual beneficiaries, respectively, designated as belonging to Class B. For convenience we here state that part of § 6 more immediately under examination:—

" Class B. The net estate of any resident of this state passing to the husband or wife of any child of such resident, to any stepchild, brother or sister of the full or half blood, and to any descendant of such brother or sister, in excess of three thousand dollars, shall be subject to a tax of three per centum to and including twenty-five thousand dollars; the tax on the amount passing to relatives of this class in excess of twenty-five thousand dollars to and including fifty thousand dollars, five per centum thereof; on the amount in excess of fifty thousand dollars to and including two hundred and fifty thousand dollars, six per centum thereof; on the amount in excess of two hundred and fifty thousand dollars to and including one million dollars, seven per centum thereof; and on the amount in excess of one million dollars, eight per centum thereof."

While (a) of the more specific reasons of appeal technically limits the question to the place of the exemption of $3,000, as related to the $25,000, in determining the ascertainment of the amount subject to a three per centum tax, the matter was discussed as applying the language used with reference to the $3,000 to the interpretation of the descriptive language determining the subsequent amounts subject to progressive rates. If the principle applied in ascertaining what is meant by the statement in ascertaining the first amount of $25,000 also applies, as we think it does, to the subsequently determined amounts of $50,000, $250,000, etc., the question technically stated. as relating to the $3,000 is more freely stated in the language above used with regard to the first question.

The first question, then, is this: Is the first $25,000 named in the statute inclusive or exclusive of the $3,000 not taxed, that is, does the three per cent tax apply to $25,000 or to $22,000? We think that the $3,000 is included in the $25,000, and that the three per cent rate applies to $22,000.

A reading of the statute leaves very clearly the impression that the intent of the Act is to make the division of the amounts, to be subject to the progressive rates, dependent upon the size of the net estate passing to the Class, and that the first division is based upon a total net estate not exceeding $25,000; the second, a total net estate not exceeding $50,000 but more than $25,000; the third, a total net estate not exceeding $250,000 but more than $50,000, and so on. Out of the $25,000 at 3% is excepted $3,000 as not taxed at all; out of the $50,000 at 5% is excepted $25,000 as covered in part by the exemption and in part by the 3% rate; out of the $250,000 at 6% is excepted the $50,000 as covered in part by the 5% rate and in part by the rate on the first $25,000, and so on. The language of the

first part of the statute means so much of a net estate of not over $25,000 as exceeds $3,000, shall be taxed at 3%; and the second clause means so much of a net estate of not over $50,000 as exceeds $25,000, and so on; and this furnishes the key to the construction of the rest. That the true construction is that the total amount taxed and passing to all relations of the class is the primary basis, is further indicated, where, describing the $50,000 class, the statute reads "the amount passing to relatives of this class [B] in excess of $25,000." In describing the $250,000 class, the language is "the amount in excess of $50,000." After the word "amount" is evidently to be understood the words "passing to relatives of this class," which are elided simply to avoid needless repetition. It is the amount of net estate passing to relatives in this class in each case, and the increased rate applies to so much as is not covered by the exemption or a prior rate. By reference to the schedule of the Court of Probate in the statement, it will be seen that the court followed this construction.

This result is in accord with the ruling in *Corbin* v. *Baldwin*, 92 Conn. 99, 101 Atl. 834. That case had to do with Class C, but the language determining the amounts is the same. In that case the very point under discussion was involved. The court there imposed a tax of 8% upon the net estate passing to Class C. This was assigned for error and was held erroneous. The matter was discussed by counsel, and the court, at the end of the opinion, ruled, though without discussion and apparently by agreement of the parties, that the taxation should be 5% on $50,000 less the exemption of $500, that is, $49,500; 6% on the $250,000 less $50,000, that is, $200,000; and so on. While this may not be absolutely binding because conceded by counsel, still it is highly persuasive as showing, when the point had to be settled, that it did not occur to the court or to any of

the counsel that any other construction than that here adopted could reasonably be claimed.

Counsel for appellant insist that we adopt the construction requiring us to hold that the $25,000 is over and above the exemption of $3,000, and that the $50,000 is over and above the $25,000, and so on. The reasonably clear construction of the statute, as explained, is not consistent with this claim. As counsel for the appellee well suggests, if appellant's claim is sound, the lower limit of the second progressive amount should be $28,000 and not $25,000. The construction we adopt makes the entire language consistent with the theory stated at the outset, that the several progressive amounts are stated as based upon the entire estate passing.

Counsel for the appellant apparently rely upon *Matter of Jourdan,* 206 N. Y. 653, 99 N. E. 1109, decided on the adoption of a dissenting opinion in 151 App. Div. 8, 135 N. Y. Supp. 172, which involved a construction of the laws of New York of 1910, Chapter 706, § 221. The pertinent language of that statute, after stating the exemption, is: "If the amount so transferred . . . is over five thousand dollars [the exemption] the excess shall be taxable at the rate of one per centum. . . . The rates of taxation hereinbefore prescribed in this and the preceding section are hereby designated as 'primary rates.' Whenever any property, real or personal, or any beneficial interest therein which passes by any such transfer to or for the use of any person or corporation, shall exceed the amount of twenty-five thousand dollars over and above the exemptions hereinbefore provided the rate of taxation shall be as follows: Upon all amounts in excess of the said twenty-five thousand dollars and up to and including the sum of one hundred thousand dollars, twice the primary rates"; and so on for succeeding amounts. Here the language, unlike our statute, is definite that the computation of

the twenty-five thousand dollars does not begin until after the five thousand dollars exemption is taken out. "Twenty-five thousand dollars over and above the exemptions" is the descriptive language; and the court applied this idea in construing the descriptions of the succeeding amounts subject to progressive rates. Whatever may be said of the reasoning of the *Jourdan* case, there is sufficient difference between the New York statute and ours to render that decision of slight weight in construing our own.

The second question is whether the successive amounts shall be determined with reference to the net estate going to Class B as a whole, or with reference to the amounts going to the individual beneficiaries, respectively, designated as belonging to Class B. The language of the statute leaves little uncertainty upon this point. Section 6 (§ 1264 of the General Statutes) divides the beneficiaries into three classes, A, B, C, the basis of the division being nearness or remoteness of the relationship of the beneficiaries to the decedent. In Class A the statute describes the estate as the "net estate," and also as "the amount passing to relatives of this class." In Class B the same language is used. In Class C as "the amount passing to beneficiaries in this class." Of course the different relationships included in Classes A and B are named, but they are named conjunctively, as taken together forming one class, not disjunctively. The amount passing to relatives of this class is clearly the whole amount passing to all in the class collectively, and not the amount passing to each member of the class, and it is this whole amount that is subject to progressive taxation. Had the legislature intended that each member's share in the net estate should be the basis on which to determine the progressive rates, it is difficult to see why it should not have used the disjunctive "or" in enumerating the relation-

ships in each class, nor why, instead of saying "passing to relatives of this class," it should not have said "passing to each relative of this class." In § 7 (General Statutes, § 1265) in referring to proportional exemptions to nonresident estates, the estate is referred to as passing to classes, and not to each member of the class. Section 8 (General Statutes, § 1266) speaks of "gifts, devisees, and bequests to the class." In Section 9 as amended in 1917 (now § 1267 of the General Statutes, and not changed in the point referred to), the court is directed how to ascertain the tax, and in the decree to state "the value of the taxable estate passing to each class of beneficiaries, . . . the rate and amount of the tax on the estate passing to each class," and to "determine the amount of such tax," referring to the tax on the amount of property passing to the class, and not to each member of the class. Finally, the Act conclusively settles this question in § 10 (now § 1268) where it is said: "Only one exemption as herein provided shall be allowed to each class, and each beneficiary or distributee . . . shall pay such percentage of the tax on property passing to such class as his share is of such property." The schedules prepared by the Court of Probate and set out in the statement are in strict conformity to the requirements of §§ 9 and 10 of the Act, and are prepared on a correct interpretation of § 6 of the Act.

Counsel for the appellant invoke the doctrine that in case of doubt in the construction of a taxing statute, the doubt should be resolved in favor of the taxpayer. *Rochester* v. *Fourteenth Ward Asso.*, 183 N. Y. 23, 30, 75 N. E. 692. The claim is further stated in the quotation from *Knowlton* v. *Moore*, 178 U. S. 41, 77, 20 Sup. Ct. 747, 44 L. Ed. 984: "Where a particular construction of a statute will occasion great inconvenience or produce inequality and injustice, that view is to be

Curtis *v.* Corbin.

avoided if another and more reasonable interpretation is present in the statute." In the present case the validity of our statute and of its progressive features is unquestioned, and there is no occasion for discussion on that point. We see no great inconvenience, inequality or injustice in the interpretation given, and we hold that no other interpretation, particularly of the class feature, which is the most serious question raised by the reservation, "is present in the statute." That a succession tax, which is not strictly a tax but a death duty (*Corbin* v. *Baldwin*, 92 Conn. 99, 103, 101 Atl. 834) may be graduated according to classes of takers and made progressive according to amounts going to the class, is too well settled to admit of discussion or require citation; and we cannot perceive any injustice or hardship in pro-rating the tax on a class, among the members of that class according to the proportion passing to each. If it is a hardship that the small taker pays his percentage, while the taker of a large amount pays no greater percentage, such hardship is due to the act of the testator in giving much to one and little to another, and in no way is chargeable to the statute. The mere fact that there may be differences of opinion, so that a judicial determination has to be obtained, or that one construction may lead to a heavier tax than another, is not enough. We think this doctrine applies only in case of a clear ambiguity in language which substantially leaves the statute equally open to different interpretations, and that there is no such ambiguity in the statute under construction.

The Superior Court is advised to render a judgment affirming the order and decree of the Court of Probate appealed from and dismissing the appeal.

In this opinion the other judges concurred.