SECURITY MILLS, INC. *v.* TOWN OF NORWICH
(three cases)

SECURITY MILLS, INC. *v.* CITY OF NORWICH

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 8—decided June 24, 1958

*Charles V. James,* for the appellant (plaintiff) in each case.

*Orrin Carashick,* for the appellee (defendant) in each case.

BALDWIN, J. On March 15, 1950, the board of tax review of the town of Norwich gave written notice to the plaintiff at its place of business in Newton, Massachusetts, that the board had made a list of personal property consisting of the average amount of goods of the applicant kept on hand during the year in the custody or possession of the Yantic Woolen Mills, Inc., and had valued that personal property at $64,250 as of October 1, 1949. Thereafter, the town of Norwich laid a tax of twenty and one-half mills on the property at that valuation. The tax amounted to $1317.13. The plaintiff applied to the Court of Common Pleas for relief, alleging that the tax was laid upon property which was not taxable and that the property should be stricken from the tax list. General Statutes § 1801; see amendment, Public Acts 1957, No. 673, § 1. The trial court rendered judgment dismissing the application, and the plaintiff has appealed from the judgment. Similarly, the plaintiff has appealed from judgments dismissing its applications for relief from taxes assessed in the three years following.

The plaintiff is a Maine corporation with its

principal place of business in Newton, Massachusetts. It is engaged in the manufacture of woolen textiles and from time to time employed Yantic Woolen Mills, Inc., a Connecticut corporation located in Norwich, to process wools and yarns. This work was performed by Yantic Woolen Mills at its plant in Norwich, and the goods were returned to the plaintiff at Newton or to other places as directed by it. None of the wools or yarns remained in Norwich for a period of more than seven months. The plaintiff was not carrying on a trading, mercantile, manufacturing or mechanical business in Norwich.

It is a rule of general application that personal property can be taxed only at the residence of the owner or at a place where the property has acquired a situs. *Bridgeport Projectile Co.* v. *Bridgeport,* 92 Conn. 316, 319, 102 A. 644. The crucial question in this case is whether the plaintiff's property, while it was in the hands of Yantic Woolen Mills, acquired a situs under our law so that it became subject to assessment and taxation by Norwich. The legislature has the power, within constitutional limitations not here involved, to "choose the subject matter of taxation and to fix the method and extent of a tax." *First Federal Savings & Loan Assn.* v. *Connelly,* 142 Conn. 483, 490, 115 A.2d 455, and cases cited therein. Municipalities have no powers of taxation except those expressly given to them by the legislature. *Chamberlain* v. *Bridgeport,* 88 Conn. 480, 490, 91 A. 380, and cases cited therein. Their powers of taxation can be lawfully exercised only in strict conformity to the terms by which they were given. *Hartford* v. *Poindexter,* 84 Conn. 121, 132, 79 A. 79; *Thames Mfg. Co.* v. *Lathrop,* 7 Conn. 550, 556. When a taxing statute is being considered, ambiguities are resolved in favor of the taxpayer. *Connelly* v.

*Waterbury National Bank,* 136 Conn. 503, 510, 72 A.2d 645; *Curtis* v. *Corbin,* 93 Conn. 648, 656, 107 A. 506.

By stipulation of the parties, the plaintiff was not carrying on, in the town of Norwich, "a trading, mercantile, manufacturing or mechanical business." If it had been, it might be claimed that its property came within the provisions of General Statutes § 1750 (now Cum. Sup. 1955, § 1049d). Nor do the provisions of General Statutes § 1720, which relates to the taxation of property of nonresidents, apply, because it is conceded by the stipulation that the plaintiff's wools and yarns were not in the town of Norwich more than seven months in any year. If they are taxable at all, the plaintiff's wools and yarns must be brought within the provisions of General Statutes § 1751.[1] This statute is headed "Property of Corporation, Where Listed. Stockholders Exempt." It states, among other things, that "all of the personal estate of [a foreign] corporation which is permanently located or stationed in any town shall be set in the list of the town in which such property is located, and all other personal property

---

[1] "Sec. 1751. PROPERTY OF CORPORATION, WHERE LISTED. STOCK-HOLDERS EXEMPT. The whole property in this state of each corporation organized under the law of this state, whose stock is not liable to taxation, and which is not required to pay a direct tax to this state in lieu of other taxes, and whose property is not expressly exempt from taxation, and the whole property in this state of each corporation organized under the law of any other state or country, shall be set in its list and liable to taxation in the same manner as the property of individuals. . . . [A]ll of the personal estate of such corporation which is permanently located or stationed in any town shall be set in the list of the town in which such property is located, and all other personal property of such corporation shall be set in the list of the town in which such corporation has its principal place of business or exercises its corporate powers . . . . The words 'permanently located,' as used herein, shall mean located for any seven or more of the twelve months preceding the assessment day."

of such corporation shall be set in the list" of the town where such corporation has its principal place of business or exercises its corporate powers. Personal property is "permanently located" in any town, by the definition contained in the statute, when it has been there for seven or more of the twelve months preceding the assessment day, which in the case at bar was October 1 in each year.

Describing the property of the plaintiff as "a list of personal property, consisting of the average amount of goods . . . kept on hand during the year in the custody" of Yantic Woolen Mills, fails to meet the requirements of § 1751 in two essential particulars. First, the statute makes no provision for assessing an "average amount of goods," as does § 1750. Second, there is no assertion in the assessment list, nor does the town claim to have shown, that the plaintiff exercised its corporate powers in Norwich or that any specific amount of these wools and yarns or any particular items of them were there for seven months or more preceding the assessment date and so might be considered as "permanently located" in the town. For these reasons the assessments were invalid.

There is error in all four cases, the judgments are set aside and the cases are remanded with direction to render judgment in each case sustaining the plaintiff's application for relief.

In this opinion the other judges concurred.