JOHN L. SULLIVAN, TAX COMMISSIONER *v.* UNION AND NEW HAVEN TRUST COMPANY ET AL., EXECUTORS (ESTATE OF WINCHESTER BENNETT)

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued December 2, 1959—decided February 3, 1960

*Herman Levine*, inheritance tax attorney, with whom, on the brief, were *Albert L. Coles*, attorney general, and *Frederic W. Dauch*, first assistant tax commissioner, for the plaintiff.

*John H. Weir*, with whom, on the brief, was *William M. Mack*, for the defendants.

MURPHY, J. The defendants are the executors under the will of Winchester Bennett of Branford, who died January 17, 1953. His daughter-in-law, Dorothy C. Bennett, survived both him and his son, Thomas G. Bennett II, her husband, who had died March 29, 1952. She has not remarried. Before his death, the testator made to Dorothy certain gifts which are subject to the succession tax, as is also a trust fund created for her under his will. The plaintiff, the tax commissioner, assessed a succession tax on the property interests passing to Dorothy under the rates applicable to class C beneficiaries. The Probate Court for the district of Branford did not sustain that levy but instead decreed that the interests were taxable at the lower

rates of class B. The commissioner appealed to the Superior Court, which has reserved the matter to this court upon stipulation of the parties. The sole question for our determination is whether Dorothy lost her preferential status as a wife under our succession tax statutes when she became a widow prior to the death of her father-in-law.[1]

With the exception of one Texas case, neither party has cited any case law directly in point. The plaintiff relies mainly upon the legislative history of the succession tax statutes, whereas the defendants contend that the majority of other jurisdictions, in which somewhat analogous cases have been decided, sustain the reasoning and decree of the Probate Court.

Our first inheritance tax law was adopted in 1889. Public Acts 1889, c. 180. The wife or widow of a son of the decedent and the husband of a daughter were included in the class which did not have to pay a tax on property passing by reason of death. In 1897, the succession tax law supplanted the inheritance tax law. Public Acts 1897, c. 201. It increased the amount of property exempted from the tax and formulated rates on property passing to two classes of beneficiaries. The wife or widow of a son and the husband of a daughter were not specifically mentioned in the preferred class. The next change, with which we are concerned, occurred in 1911, when the preferred class was expanded to include the wife or widow of a son, whether such son was born in wedlock or adopted, and the husband of a daughter, whether such daughter was born in wedlock or adopted. Public Acts 1911, c. 204. In 1913, three

---

[1] It is to be noted that the problem presented by this case would not arise today in view of the express provisions of Public Acts 1959, No. 571 (General Statutes § 12-344).

classes were established. Public Acts 1913, c. 231, § 3. The wife or widow of a son and the husband of a daughter were placed in the second class. Then in 1915 the classes were designated by letter and the word "widow" was dropped, so that the class B designation in this respect read "husband or wife of any child of such resident." Public Acts 1915, c. 332, § 6. With the exception of the substitution of the word "transferor" for "resident," this phrase in the statute then remained unchanged until after the testator's death. The applicable statute when he died was § 439b of the 1951 Cumulative Supplement (Cum. Sup. 1955, § 1143d).

We have said in connection with litigation concerning the succession tax that a statute which exempts from taxation is to be strictly construed; *Hoenig* v. *Connelly,* 141 Conn. 266, 272, 105 A.2d 775, and cases cited; whereas an ambiguity in a statute imposing a tax is to be resolved in favor of the taxpayer. *Security Mills, Inc.* v. *Norwich,* 145 Conn. 375, 377, 143 A.2d 451; *Connelly* v. *Waterbury National Bank,* 136 Conn. 503, 510, 72 A.2d 645; see *Curtis* v. *Corbin,* 93 Conn. 648, 656, 107 A. 506. Strictly speaking, the defendants are not claiming an exemption. The exemptions allowed under the law, other than the amount of the dollar exemption for each class, are restricted to transfers for the benefit of governmental, public, charitable and kindred institutions. Rev. 1949, § 2027 (General Statutes § 12-347). The defendants argue that the transfers in question cannot be excluded from the preferential tax rating by a restricted and limited construction of the word "wife." It is apparent that the rule of strict construction is not apt in this case. The term "wife of any child" does not present an ambiguity in and of itself, but when it is considered

in connection with the elimination of the word "widow" in 1915 a doubt is presented which should be resolved in favor of the taxpayer. *Curtis* v. *Corbin,* supra.

In Texas it has been held that the considerations which would motivate a father-in-law or mother-in-law to provide for a daughter-in-law are at least as cogent after the death of the son as before and that the legislative intent to make no distinction between the wife of a living son and the surviving wife of a deceased son can be drawn from the use of the words "wife of a son," in a statute similar to ours, without doing violence to its language. *Lewis* v. *O'Hair,* 130 S.W.2d 379, 380 (Tex. Civ. App.). The term "husband of a daughter" in the inheritance tax laws of several sister states has been construed to include the surviving husband or widower of a deceased daughter. *People* v. *Snyder,* 353 Ill. 184, 189, 187 N.E. 158; *Clay* v. *Edwards,* 84 N.J.L. 221, 224, 86 A. 548; *In re Atherton's Estate,* 333 Mich. 193, 200, 52 N.W.2d 660; see notes, 88 A.L.R. 1016, 26 A.L.R.2d 271, 273. In *Commonwealth* v. *Fenley,* 189 Ky. 480, 486, 225 S.W. 154, the word "widow" in the statute which accorded preferential classification to the "widow of a son, or the husband of a daughter of the decedent," was construed as including the wife of a son.

The word "wife" in class B as it relates to the wife of a son should be given the same interpretation as the word "wife" in class A (now class AA), where the wife of the transferor is listed. Cum. Sup. 1951, § 439b (as amended, General Statutes § 12-344). It would be absurd to hold that the wife of the transferor was not included in that class because she became his widow upon his death. It would be unreasonable to hold that property passing to the wife

of a son would be taxed in class B if her husband died the day after his parent did but that it would be taxed in class C if the husband died minutes, hours or days before the parent.

The Superior Court is advised that the property interests passing to Dorothy C. Bennett as ante-mortem gifts and under the will of Winchester Bennett are taxable at class B rates for succession tax purposes.

No costs will be taxed in this court in favor of any party.

In this opinion the other judges concurred.