LARRY STONE *v.* JOHN L. SULLIVAN, TAX COMMISSIONER OF THE STATE OF CONNECTICUT

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

*Ralph G. Murphy,* assistant attorney general, with whom, on the brief, were *Harold M. Mulvey,* attorney general, and *Walter T. Faulkner,* assistant attorney general, for the appellant (defendant).

*Lawrence W. Kanaga,* with whom, on the brief, was *Bernard S. Peck,* for the appellee (plaintiff).

KING, C. J.  This case is concerned with the extent of the plaintiff's liability for the unincorporated business tax.  General Statutes §§ 12-269—12-284. The tax is imposed, with exceptions not involved in this case, on the annual gross income or receipts of each taxpayer subject thereto.  The rate on a manufacturing business and that on a retail mercantile business is the same but is approximately four times that on a wholesale mercantile business.

The facts of this case, as set forth in the appeal petition and admitted by demurrer, include the following: In the years 1962, 1963, and 1964, the plaintiff, doing business as the Chicago Beef and Provision Company, was subject to the unincorporated

business tax. His business "consisted of buying sides of beef and other large portions of meat, dividing them into their constituent parts, and selling these parts to consumers, retailers, and jobbers." The plaintiff paid his tax at the higher (retail) rate on his retail sales to consumers and at the lower (wholesale) rate on his wholesale sales to jobbers and retailers who purchased for resale.

The defendant tax commissioner assessed a deficiency against the plaintiff on the ground that the division of animal carcasses into their "constituent parts" fell within the statutory definition of manufacturing and, therefore, that the plaintiff's entire gross income was derived from manufacturing, regardless of whether the manufactured product was sold at wholesale or retail. On this theory, the commissioner taxed the entire gross income at the higher rate.[1] The assessment was affirmed upon administrative review, but the plaintiff did not pay it. Instead he appealed to the Court of Common Pleas, seeking a correction of the defendant's assessment by the cancelation of the increase which the defendant had made. General Statutes § 12-282. That court overruled the defendant's demurrer to the plaintiff's appeal petition and, upon the defendant's failure to plead over, rendered judgment for the plaintiff. The defendant took this appeal from that judgment.

[1] Because gross receipts from manufacturing and from retail mercantile businesses are taxed at the same rate, in this case there is no practical dispute as to the tax due on the portion of the plaintiff's gross income which he claimed was derived from retail sales to consumers. Thus, as far as the amount of tax due is concerned, the controversy involves only the question whether the business claimed by the plaintiff to be wholesale sales was actually manufacturing under the statutory definition and thus was subject to taxation at the rate applicable to manufacturing.

The burden of proving that the assessment was erroneous was on the plaintiff. General Statutes § 12-282; see cases such as *Curly Construction Co. v. Darien,* 147 Conn. 308, 310, 160 A.2d 751; *Thaw v. Fairfield,* 132 Conn. 173, 179, 43 A.2d 65. But, if the allegations of the appeal petition are broad enough to permit evidence showing that the controversial portion of the plaintiff's business was not manufacturing under the statutory definition, the demurrer was properly overruled. In other words, unless the allegations of the appeal petition show, as a matter of law, that the plaintiff is engaged in manufacturing, rather than in a wholesale mercantile business, under the respective statutory definitions as hereinafter quoted, the court was correct in overruling the defendant's demurrer. *Cyr v. Brookfield,* 153 Conn. 261, 263, 216 A.2d 198.

"Manufacturing" is defined in General Statutes § 12-269 as "the making or changing of articles or material into suitable forms for use or consumption for profit or gain, or repairing, renovating or cleaning property for profit or gain". Therefore, we are concerned only with whether the plaintiff's business, as it is described in his appeal petition, necessarily fell within the scope of the quoted statutory definition, regardless of whether it would be considered manufacturing within the commonly approved usage of that term. *Planning & Zoning Commission v. Synanon Foundation, Inc.,* 153 Conn. 305, 311, 216 A.2d 442; *Toll Gate Farms, Inc. v. Milk Regulation Board,* 148 Conn. 341, 347, 170 A.2d 883; *United Aircraft Corporation v. O'Connor,* 141 Conn. 530, 537, 107 A.2d 398; *Neptune Park Assn. v. Steinberg,* 138 Conn. 357, 362, 84 A.2d 687.

The crucial allegations describe the plaintiff's business as "buying sides of beef and other large

portions of meat, dividing them into their constit-
uent parts, and selling these parts to consumers,
retailers, and jobbers."

It is arguable that, under a strictly literal appli-
cation of our statutory definition of manufacturing,
the plaintiff's business, as described in the quoted
portion of his appeal petition, to which the defend-
ant's demurrer was addressed, would constitute
manufacturing, because any change of shape or size
would constitute a change of form under a literal
interpretation of that definition.

The statutory definition of "retail mercantile busi-
ness" is "the buying of tangible personal property
and selling the same for profit or gain"; and the
statutory definition of "wholesale mercantile busi-
ness" is "the buying of tangible personal property
and selling the same to be resold at retail for profit
or gain". General Statutes § 12-269.

If the defendant's literal interpretation of the
definition of manufacturing were to be held appli-
cable to the plaintiff's business, it must also be held
applicable to a retail butcher who cuts a steak or a
lamb chop or a slice of ham from a larger portion
of meat for sale to, and consumption by, a customer.
And if the customer were an operator of a retail
butcher shop and bought several steaks or several
chops or several slices of ham for resale at retail,
this transaction also would fall within the definition
of manufacturing, which is, in effect, the defendant's
claim here. Yet, but for the change of size and shape,
the respectively appropriate definitions of retail
and wholesale mercantile businesses quoted above
would be applicable to the foregoing hypothetical
transactions.

Obviously, it would be absurd to hold that such
hypothetical transactions constituted manufactur-

ing, at least as applied to the process of meatcutting as carried on by this plaintiff. Such a holding would make practically every butcher a manufacturer, whether he sold at wholesale or retail. "Courts must assume that the legislature intended a reasonable and rational result and must, when possible, construe statutes accordingly." *Masone* v. *Zoning Board,* 148 Conn. 551, 556, 172 A.2d 891.

The defendant, in order to prevail, is forced to, and does, claim that "changing of articles or material into suitable forms for use or consumption" must, as a matter of law, embrace "dividing . . . [sides of beef] into their constituent parts".

The word "form" has numerous meanings and connotations. It includes not only size or shape but also composition and characteristics. In this case there was division into "constituent parts" and nothing more, and this alone is what the demurrer admits. But this is not sufficient to show, at least as a matter of law, that the controversial portion of the plaintiff's business necessarily constituted manufacturing.[2] The plaintiff's business may well have constituted a "wholesale mercantile business" within the quoted statutory definition and, as such, have been entitled to the lower rate of tax. And it is settled law that, where there is an actual ambiguity in the applicability of a taxing statute to a

[2] Although the general question of whether meatcutting or meat packing is manufacturing has arisen in other jurisdictions, the cases have turned on particular statutory definitions of manufacturing differing from our own or on the absence of any definition of manufacturing. Such cases therefore are of little assistance. Illustrative cases include *Prentice* v. *Richmond,* 197 Va. 724, 729, 90 S.E.2d 839, *Armour & Co.* v. *Pittsburgh,* 363 Pa. 109, 115, 69 A.2d 405, *Commissioner of Corporations & Taxation* v. *Assessors of Boston,* 321 Mass. 90, 91, 71 N.E.2d 874, and *Engle* v. *Sohn & Co.,* 41 Ohio St. 691, 693. See, generally, note, 116 A.L.R. 1111, 1121.

given situation, the ambiguity is to be resolved in favor of the taxpayer.[3]  *Sullivan* v. *Union & New Haven Trust Co.,* 147 Conn. 178, 181, 158 A.2d 174.

It follows that the demurrer was properly overruled.  *Cyr* v. *Brookfield,* 153 Conn. 261, 263, 216 A.2d 198.

There is no error.

In this opinion the other judges concurred.

Argued January 6—decided February 10, 1967

---

[3] This rule is not to be confused with the rule that a provision exempting a taxpayer from the operation of a taxing statute otherwise applicable to him is to be strictly construed against the taxpayer claiming the benefit of the exemption.  *Sullivan* v. *Union & New Haven Trust Co.,* 147 Conn. 178, 181, 158 A.2d 174.