STATE OF CONNECTICUT *v.* JAMES FIASCONARO
(8825)

SPALLONE, O'CONNELL and CRETELLA, Js.

Argued June 7—decision released September 3, 1991

*Paul J. Ferencek,* assistant state's attorney, with whom, on the brief, were *Mark S. Solak,* state's attorney, *Vincent Dooley,* assistant state's attorney, and

*MaryJean Kanabis,* deputy assistant state's attorney, for the appellant (state).

*James Fiasconaro,* pro se, the appellee (defendant).

O'CONNELL, J. The state appealed, with the trial court's permission, from the dismissal of its amended information charging the defendant with the crime of acting as a professional bondsman without a license in violation of General Statutes § 29-145.[1] The state contends that the court mistakenly required an allegation of receiving a tangible benefit in return for posting bail. The state also claims that the trial court improperly distinguished between a person who obtains the pretrial release of an individual by posting cash bail and one who posts a surety bond.

The following facts are relevant to a determination of this appeal. The defendant was accused of posting cash bail for five separate individuals on five separate occasions between July 25 and November 26, 1988, without having obtained a state license to engage in the business of a professional bondsman. The trial court granted the defendant's motion to dismiss the information on the ground that it failed to allege that the defendant received a tangible benefit for posting such bail. The court in support of its decision attempted to distinguish between cash bail and surety bonds as the term "bail" applies to this statute. We reverse the judgment of the trial court.

General Statutes § 29-144[2] provides in pertinent part: *"Any person . . . who furnishes bail in five or more*

[1] General Statutes § 29-145 provides in pertinent part: "Any person desiring to engage in the business of a professional bondsman shall apply to the commission of public safety for a license therefor."

[2] The trial court properly declined to consider the validity of General Statutes § 29-144 as applied to a defendant who posts bail more than five times within one year for himself or a member of his family because the facts of this case do not require such determination.

*criminal cases in any one year, whether for compensation or otherwise, shall be deemed a professional bondsman . . . .''* (Emphasis added.) General Statutes § 29-145 requires a professional bondsman to be licensed. Neither § 29-144 nor § 29-145 makes a distinction between posting cash bail and posting bail by means of a surety bond. Furthermore, we do not find that General Statutes § 54-66[3] supports the trial court's conclusion that there is such a distinction for purposes of a prosecution under § 29-145.

The statute is unambiguous and the state's information clearly alleged sufficient facts to charge a violation of § 29-145. A court cannot by construction read a provision into legislation that is not clearly stated therein. *Lucarelli* v. *State,* 16 Conn. App. 65, 68–69, 546 A.2d 940 (1988). Nor may a court substitute its own idea of what might be a wise provision in place of a clear expression of legislative will. *Sutton* v. *Lopes,* 201 Conn. 115, 119, 513 A.2d 139, cert. denied, 479 U.S. 964, 107 S. Ct. 466, 93 L. Ed. 2d 410 (1986). Section 29-144 expressly exempts the state from showing that the defendant received compensation. Accordingly, it was

---

[3] General Statutes § 54-66 provides: "ACCEPTANCE AND DISPOSITION OF BAIL. In any criminal case in which a bond is allowable or required and the amount thereof has been determined, the accused person, or any person in his behalf, (1) may deposit, with the clerk of the court having jurisdiction of the offense with which the accused stands charged or any assistant clerk of such court who is bonded in the same manner as the clerk or any person or officer authorized to accept bail, a sum of money equal to the amount called for by such bond, or (2) may pledge real property, the equity of which is equal to the amount called for by such bond, provided the person pledging such property is the owner of such property, and such accused person shall thereupon be admitted to bail. When cash bail is offered, such bond shall be executed and the money shall be received in lieu of a surety or sureties upon such bond. Such cash bail shall be retained by the clerk of such court until a final order of the court disposing of the same is passed; provided, if such bond is forfeited, the clerk of such court shall pay the money to the payee named therein, according to the terms and conditions of the bond.''

improper for the trial court to read into the definition of a professional bondsman a requirement that he receive a tangible benefit for posting bail. The information should be reinstated.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.