STATE OF CONNECTICUT *v.* ANONYMOUS
(13108)

DUPONT, C. J., and FOTI and LAVERY, Js.

Argued September 13, 1994—decision released February 28, 1995

*Jon L. Schoenhorn,* for the appellant (defendant).

*Elliot B. Spector,* with whom, on the brief, was *Christopher G. Arciero,* for the appellee (town of Farmington).

LAVERY, J. This is an appeal by the defendant from the judgment of the trial court vacating the order granting his motion to destroy statutorily erased criminal records and allowing the town of Farmington to use his records for purposes of defending an action brought by the defendant against the town for false arrest.

On March 31, 1993, the defendant was arrested and charged with attempted larceny in the first degree by extortion in violation of General Statutes §§ 53a-49, 53a-119 (5) (E) and 53a-121. The defendant filed a

motion to dismiss the charges against him, which the trial court granted. Thereafter, on July 8, 1993, the defendant sent notice, pursuant to General Statutes § 7-465,[1] to the town regarding his intention to bring a civil action against it for false arrest.

Relying on General Statutes § 54-142a (e),[2] the defendant requested that the Farmington police department physically destroy his police records. The police department, however, refused to comply, arguing that § 54-142a (e) applies only to court records. Thereafter, the defendant filed a motion with the trial court seeking an order compelling the town to destroy the records physically and the court granted the motion. The town then filed a motion asking the court to vacate the order granting the defendant's motion to destroy all records and to grant the town disclosure of the records pursuant to General Statutes § 54-142a (f).[3] The trial

[1] General Statutes § 7-465 (a) provides in relevant part: "No action . . . shall be maintained against such municipality and employee jointly unless such action is commenced within two years after the cause of action therefor arose nor unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained had been filed with the clerk of such municipality within six months after such cause of action has accrued. . . ."

[2] General Statutes § 54-142a (e) provides in relevant part: "The clerk of the court or any person charged with retention and control of such records in the records center of the judicial department or any law enforcement agency having information contained in such erased records shall not disclose to anyone, except the subject of the record, upon submission pursuant to guidelines prescribed by the Office of the Chief Court Administrator of satisfactory proof of the subject's identity, information pertaining to any charge erased under any provision of this section and such clerk or person charged with the retention and control of such records shall forward a notice of such erasure to any law enforcement agency to which he knows information concerning the arrest has been disseminated and such disseminated information shall be erased from the records of such law enforcement agency. Such clerk or such person, as the case may be, shall provide adequate security measures to safeguard against unauthorized access to or dissemination of such records or upon the request of the accused cause the actual physical destruction of such records. . . ."

[3] General Statutes § 54-142a (f) provides: "Upon motion properly brought, the court or judge thereof, if such court is not in session, may order disclo-

court granted the motion "for the purposes of legal defense of [the] civil action only." Thereafter, the defendant filed a motion to reconsider, which the trial court denied. The defendant filed this appeal following the trial court's denial of his motion to reconsider.

The defendant raises two issues on appeal: (1) did the town have standing to intervene in the underlying criminal action when it was not a party, made no action to intervene and was not aggrieved; and (2) did the court abuse its discretion in considering the defendant's notice under § 7-465 of his intention to institute a lawsuit and to claim monetary damages against the town for false arrest as a basis to order disclosure of erased records pursuant to General Statutes § 54-142a (f)? We find that the town had standing and we agree with the defendant that he has a right to have his records destroyed. We reverse the trial court's judgment.

I

The defendant's first claim is that the town was not a party and made no action to intervene. Though normally a nonparty has no standing, here the parties themselves and the trial court treated the town as though it had made and been granted a motion to intervene. This court will consider the defendant's failure to file appropriate motions as a waiver of this issue since the trial court heard the matter on the merits. See *Tedesco* v. *Stamford*, 215 Conn. 450, 457, 576 A.2d 1273 (1990), remanded, 24 Conn. App. 377, 588 A.2d 656 (1991), rev'd, 222 Conn. 233, 610 A.2d 574 (1992).

sure of such records (1) to a defendant in an action for false arrest arising out of the proceedings so erased or (2) to the prosecuting attorney and defense counsel in connection with any perjury charges which the prosecutor alleges may have arisen from the testimony elicited during the trial. *Such disclosure of such records is subject also to any records destruction program pursuant to which the records may have been destroyed.* The jury charge in connection with erased offenses may be ordered by the judge for use by the judiciary, provided the names of the accused and the witnesses are omitted therefrom." (Emphasis added.)

The town was aggrieved by the court's order granting the defendant's motion to destroy the records. Aggrievement and standing are not technical rules intended to keep suitable parties out of court, nor are they tests of substantive rights. Rather, standing and aggrievement are "practical concept[s] designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented." *Light Rigging Co.* v. *Dept. of Public Utility Control*, 219 Conn. 168, 172, 592 A.2d 386 (1991). To determine standing, it must be decided whether the town is a proper party to request an adjudication of the issue or has a legally protected interest that has been invaded. *Mystic Marinelife Aquarium, Inc.* v. *Gill*, 175 Conn. 483, 492, 400 A.2d 726 (1978).

Because the defendant had sent notice to the town regarding his intention to bring a civil action against it, the town had a legally protected interest. The town had a right to be heard concerning the destruction of records relating to its defense in the impending civil action, and, therefore, had standing because it was adversely affected.

## II

When the defendant gave notice to the town concerning his intention to bring a civil action for false arrest, the town moved for disclosure of the records. The town claimed a right to disclosure of the records under General Statutes § 54-142a (f), which provides for an exception to General Statutes § 54-142a. Because Farmington did not qualify for the § 54-142a (f) exception, the trial court should not have granted the disclosure of the records to the town.

Section 54-142a (f) provides: "Upon motion properly brought, the court or a judge thereof, if such court is

not in session, may order disclosure of such records (1) to a defendant in an action for false arrest arising out of the proceedings so erased . . . ." This section is a narrowly tailored exception to § 54-142a (a), (b), (c) and (d), which provide for automatic erasure of criminal records in four situations. "[T]he four situations under which erasure would occur are if first there was a nolle, second if there is a case dismissed, third if a not guilty judgment was found in a court, and fourth if there was a full pardon after sentencing." 17 S. Proc., Pt. 6, 1974 Spec. Sess., p. 2781, remarks of Senator David Odegard. In any of these four situations, "General Statutes § 54-142a provides for the sealing, erasure and, in certain cases, destruction of police, court and prosecutorial records insofar as they pertain to criminal charges that do not result in conviction . . . ." *State* v. *West*, 192 Conn. 488, 492, 472 A.2d 775 (1984). " '[T]he obvious purpose of [§ 54-142a] is to protect [an innocent person] from the harmful consequences of a criminal charge . . . .' " Id., 496. So as not to contravene this most important purpose, "the statutorily created exceptions to a general rule [of § 54-142a] must be strictly construed and the language not extended beyond its evident intent." *State* v. *Anonymous (1983-1)*, 38 Conn. Sup. 661, 664, 460 A.2d 494 (1983); see also *Pintavalle* v. *Valkanos*, 216 Conn. 412, 581 A.2d 1050 (1990) (statute should be given plain and ordinary meaning); *State* v. *Fiasconaro*, 25 Conn. App. 643, 595 A.2d 945 (1991) (court cannot, by construction, read provision into legislation not clearly stated therein).

A strict reading of the statutorily created exception, § 54-142a (f) (1) allows disclosure to "a defendant in an action for false arrest . . . ." At the time the town filed its motion requesting disclosure, however, it was not "a defendant in an action for false arrest." The town had received only a notice, pursuant to § 7-465,

of the defendant's intent to bring an action for false arrest. Section 7-465 requires that notice be given regarding a party's intent to commence an action. The language of the statute seems clearly to state that notice must be given as a condition precedent to any action. See *Fraser* v. *Henninger*, 173 Conn. 52, 376 A.2d 406 (1977); *Derfall* v. *West Hartford*, 25 Conn. Sup. 302, 203 A.2d 152 (1964); *MacLeod* v. *Milford*, 25 Conn. Sup. 70, 196 A.2d 604 (1963); *Wolfe* v. *Branford*, 22 Conn. Sup. 239, 167 A.2d 924 (1960). The giving of notice, therefore, does not equal an action or even the commencement of an action. Furthermore, it is well settled that an action is brought on the date on which the writ is served on the defendant. See, e.g., *Hillman* v. *Greenwich*, 217 Conn. 520, 587 A.2d 99 (1991); *Howard* v. *Robertson*, 27 Conn. App. 621, 608 A.2d 711 (1992). Because service had not been made on the town at the time it filed its motion to vacate the order granting the motion to destroy the records, there was no action pending, and the town was not a defendant in an action for false arrest, as contemplated by § 54-142a (f). An action as defined by the Connecticut Supreme Court is " 'the lawful demand of one's right in a court of justice . . . for the purpose of obtaining whatever redress the law provides.' " *Dayco Corp.* v. *Fred T. Roberts & Co.*, 192 Conn. 497, 502, 472 A.2d 780 (1984), quoting *Waterbury Blank Book Mfg. Co.* v. *Hurlburt*, 73 Conn. 715, 717, 49 A. 198 (1901); *In re Investigation of the Grand Juror*, 188 Conn. 601, 606, 452 A.2d 935 (1982). An action is an action that is currently pending; to state that is to "state the obvious." *Oneglia* v. *Oneglia*, 14 Conn. App. 267, 269 n.2, 540 A.2d 713 (1988). The defendant, therefore, had not yet made a lawful demand for his rights in a court of justice by filing an action for false arrest against the town; he had only put the town on notice that he might file an action.

Even if the defendant had already begun an action against the town, the town's right to a § 54-142a (f)

exception is by no means an absolute right. Section 54-142a (f) provides in part: "Such disclosure of such records is subject also to any records destruction program pursuant to which the records may have been destroyed." If an action for false arrest is brought and the records have previously been destroyed, the defendant would have no meaningful right to the exception because the right to the exception would be moot.

The town does not qualify for the § 54-142a (f) exception as it is not "a defendant in an action for false arrest." For this court to find that the records should be disclosed to the town would frustrate the purpose of the erasure statute, § 54-142a (e), which allows individuals who were arrested, but whose charges were dismissed, to seek physical destruction of that record. For this court to uphold the granting of the town's motion would contravene the firmly established rule of statutory construction that "[t]he intent of the legislature is to be found in the meaning of the words of the statute; that is, in what the legislature actually did say, not in what it meant to say. . . . Where those actual words are plain and unambiguous, there is no room for judicial construction of the statute." (Citations omitted.) *Doe* v. *Manson*, 183 Conn. 183, 186, 438 A.2d 859 (1981).[4]

---

[4] After a careful review of the legislative history, especially the remarks of Representatives Cornelius O'Leary and James Bingham in the Connecticut General Assembly house proceedings, it is obvious that the legislature intended to benefit the defendant by General Statutes § 54-142a (e).

"Mr. O'Leary (60th): I should think that most people having an arrest record which had been nolled or not guilty or a pardon would want the record destroyed. Why would you put the burden on the person to contact the court and request that the record be destroyed, rather than the other way around.

"Mr. Bingham (147th): Not necessarily. The person might in some instances prefer to have the record kept for further action such as an action for false arrest against the police department." 17 H.R. Proc., Pt. 6, 1974 Sess., p. 3048.

Because the defendant had not yet brought an action against the town, the town was not a "defendant in an action for false arrest" and, thus, did not fall within the disclosure exception provided by § 54-142a (f).

The judgment is reversed and the case is remanded with direction to order the physical destruction of the defendant's arrest records.[5]

In this opinion DUPONT, C. J., concurred.

FOTI, J., dissenting. I must respectfully disagree with part II of the majority opinion.

I recognize that when a statute creates an exception to a general rule, it is to be construed strictly and its language is not to be extended beyond its evident intent. *Conservation Commission* v. *Price*, 193 Conn. 414, 424, 479 A.2d 187 (1984); *Kulis* v. *Moll*, 172 Conn. 104, 110, 374 A.2d 133 (1976). General Statutes § 54-142a (f) is, however, remedial in nature. *State* v. *Anonymous (1980-1)*, 36 Conn. Sup. 9, 12, 409 A.2d 150 (1980); *State* v. *Cutler*, 33 Conn. Sup. 158, 162–65, 366 A.2d 805 (1976); see also *State* v. *Anonymous (1983-1)*, 38 Conn. Sup. 661, 663–64, 460 A.2d 494 (1983).[1] "The

---

[5] In view of this disposition, no action need be taken on the judgment granting the town the use of the records.

[1] *State* v. *Cutler*, supra, 33 Conn. Sup. 158, was distinguished by the court in *State* v. *Anonymous (1983-1)*, supra, 38 Conn. Sup. 663–64. The court in *Cutler* afforded the disclosure remedy to a person made a defendant in a civil proceeding, despite the plaintiff's claim that because his action was based on malicious prosecution, the exception to nondisclosure in a false arrest was not applicable. In *State* v. *Anonymous (1983-1)*, supra, 661, the civil action against the town of Wallingford did not arise out of the prior criminal proceeding wherein the accused was acquitted of the crime charged. The court held that "[t]he present case is clearly distinguishable from *Cutler* for the reason that the civil action[s] filed by the defendant in this case *did not arise out of the criminal proceedings* as required by § 54-142a (f) (2)." (Emphasis added.) Id., 664. Having so concluded, the court, as dicta, cited *Kulis* v. *Moll*, supra, 172 Conn. 110. I, therefore, do not agree that this case stands for the proposition that § 54-142a (f) must be strictly construed as a statutorily created exception to a general rule.

statute is a remedial one in that it affords a remedy against the consequences of nondisclosure of records to a person made a defendant in a civil proceeding. . . . The statute protects from the harmful consequences of nondisclosure those persons whose involvement in the arrest in the criminal action causes them to be named defendants in a civil action arising out of the criminal proceeding." (Citation omitted.) *State* v. *Cutler,* supra, 161. A remedial statute is to be construed in favor of those whom it was intended to protect; *Staples* v. *Palten,* 214 Conn. 195, 199, 571 A.2d 97 (1990); it must be liberally construed to effect its purpose. *Merchant's Bank & Trust Co.* v. *Pettison,* 112 Conn. 652, 655, 153 A. 789 (1931). We must construe the true purpose for which the statute was enacted. See *Cedar Island Improvement Assn.* v. *Clinton Electric Light & Power Co.,* 142 Conn. 359, 369, 114 A.2d 535 (1955).

There is no question that the town of Farmington comes within the limited class for whose benefit the statute was established. The purpose of the notice sent by the defendant was to notify the town that it would be named in a civil action arising out of the criminal proceeding. It is a familiar legal maxim that everyone is presumed to know the law. This rule is founded on public policy and is based on the principle that the acts of a person must be considered as having been done with knowledge of the law, for otherwise the law could be evaded with facility. *Hebb* v. *Zoning Board of Appeals,* 150 Conn. 539, 192 A.2d 206 (1963). In this case, the defendant must be presumed to have known of the statutory exceptions to the automatic erasure of criminal records under § 54-142a. Given this presumption, the defendant may indeed be found to have waived any right to object to the disclosure by sending notice of his intent to bring a civil action. The notice constituted a waiver of the defendant's right to claim

thereafter that the town was not "presently" a defendant, or that no "action" had yet been filed. He should not be allowed to control the defense of the civil action after having given the appropriate notice. The records at issue would be vital to the town's capability to provide the background and defense of the claimed false arrest. I find it both unreasonable and illogical that the defendant is insisting on the physical destruction of the very records that may assist in a fair and just determination of the merits of his "noticed" civil action.

Courts must assume that the legislature intended a reasonable and rational result and must, when possible, construe statutes accordingly. *Stone* v. *Sullivan,* 154 Conn. 498, 503, 227 A.2d 76 (1967). The result that the majority proposes does not effect the purpose of the remedial statute, and I believe it is neither rational nor reasonable.

I would, therefore, affirm the trial court's ruling.