[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed June 12, 1997
Co-defendant Log Cabin, Inc. a/k/a J.C.B. Incorporated argues that the plaintiff improperly served Gloria Azia, the defendant's agent for service of process, by abode service because General Statutes § 52-57 (c) requires personal service to one of the individuals listed in the statute. General Statutes § 52-57 (a) states that "[e]xcept as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." General Statutes § 52-57 (c) states, in pertinent part, that "[i]n actions against a private corporation, service of process shall be made either upon the president, the vice president, an assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located."
The defendant does not refer to any authority in support of its position[1] and research has revealed authority stating otherwise. See Ertel v. Carothers, Comm'r. Environ. Pro., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 362620 (May 1, 1992, Schaller, J.) ("The person to whom in hand or abode service must be made when an entity such as a corporation is named as a defendant in a civil action is set forth in § 52-57 (c).") (emphasis added.) aff'd34 Conn. App. 18, 639 A.2d 1055 (1994); see also Gluck v. Gluck,181 Conn. 225, 226, 435 A.2d 35 (1980)("Abode service is only a step removed from manual service and serves the same dual function of conferring jurisdiction and giving notice. . . ."). Furthermore, "[a] court cannot by construction read a provision into legislation that is not clearly stated therein . . . ." (Citations, omitted.) State v. Fiasconaro, 25 Conn. App. 643, CT Page 6988 645, 595 A.2d 945 (1991); see also Battersby v. Battersby,218 Conn. 467, 470, 590 A.2d 427 (1991) ("Absent ambiguity, the courts cannot read into statutes, by construction, provisions that are not clearly stated . . . .")
The court cannot construe General Statutes § 52-57 (c) as requiring only personal service on one of the persons listed in the statute because the statute does not explicitly state this requirement. Therefore, the plaintiff properly served Gloria Azia at her usual place of abode. Accordingly, the court denies defendant's motion to dismiss.
Hennessey, J.